Mazuzan v. Mead.

## Mazuzan *vs.* Mead.

The *transfer* and *guaranty* of a note for a *larger sum* in consideration of a *less sum,* is not *per se* usurious; the gurantor in such case, when called on for payment, being liable only to *refund* the amount received by him, with the interest thereof.

Demurrer to declaration. The plaintiff declared that the defendant, being the holder of a promissory note made by W. & E. Anderson, bearing date 15th September, 1837, whereby the makers promised to pay to the defendant or *bearer* $210, with interest, by the first day of November next after the date thereof, he, on the 15th of October, 1837, by a *memorandum* endorsed on the back of the note and signed by him, *for the consideration of* $200 *paid to him* by the plaintiff, assigned and transferred the note to the plaintiff, and *guarantied* the payment thereof. The plaintiff then averred, that when the note made by the Andersons became due and payable, according to its tenor and effect, *the makers thereof did not pay the note,* whereof the defendant had notice, and whereby he then and there became lia-

Mazuzan v. Mead.

ble to pay *the said sum of money in the said note specified*, and concluding with the usual breach that the defendant had not paid, &c. The plaintiff attached to the declaration a copy of the *note* and of the *memorandum* assigning and guarantying the same, adding thereto these words: " The plaintiff claims on the above $100, and interest thereof from 15th September, 1837, and $100, and interest thereof from 15th October, 1837, only." He also endorsed a *bill of particulars* in these words: "The particulars of the plaintiff's demand in this cause is on the *guaranty* on the back of the note, a copy of which is above set forth." The defendant *demurred*, and assigned for cause of demurrer that the contract declared upon was upon its face *usurious*.

*J. L. Curtenius*, for defendant.

*A. A. Boyce*, for the plaintiff, insisted that the contract was *not usurious ;* that according to the settled law of this state, the plaintiff can recover *only* the amount paid by him to the defendant, together with the interest thereof; and, in support of this position, cited *Braman* v. *Hess*, 13 Johns, R. 52; and added, that the plaintiff asked no more.

*By the Court*, COWEN, J. The contract, as set forth in this count, is said to be expressly usurious. In consideration of $200 advanced, the defendant agrees to pay, on a subsequent day, $210, with interest on the latter sum from a previous day. It is answered that an usurious intent is not to be inferred, inasmuch as the plaintiff cannot in legal effect recover, and does not in truth seek to recover more than he advanced, with the legal interest. If such were the express agreement at the time, it would clearly take away the sting of usury; and if that appear upon the face of the declaration to be but the legal effect of the *guaranty*, then the case is the same. Had the defendant simply endorsed the note, leaving himself to be charged in the usual way by demand and notice, the transaction would not have been usurious. That was held by this court, and afterwards by the court of errors, in *Cram* v. *Hendricks*, 7 Wen-

dell, 569, on the express ground that only the consideration advanced was in construction of law secured by the endorsement. We think this case is the same in principle. The only difference is, that the guaranty being absolute, there is a waiver of demand and notice. *Allen* v. *Rightmere*, 20 Johns. R. 365. True, the guaranty is equivalent to a direct promissory note, with superadded security; but so was the endorsement in *Cram* v. *Hendricks*. We are not called upon to support the principle of that case; it is enough that we cannot distinguish its principle from that of the one before us.

Judgment for plaintiff on demurrer, with leave to defendant to amend.