Ingalls *v.* Lee.

---

ALBANY GENERAL TERM, December, 1850. *Watson, Parker, and Wright,* Justices.

### INGALLS *vs.* LEE and KING.

Hunt, being the owner of a promissory note for $1000, made by Hayes and Churchill, applied to Cornell to pay him the money on it. Cornell agreed to give Hunt $900 for the note, if the latter would himself indorse it, and also get L. & K., the defendants, to indorse it. L. & K. indorsed it by request of Hunt, and for his accommodation, he having first indorsed it himself. The note was then delivered to Cornell, who paid to Hunt $900 therefor. Subsequently, and before the note became due, Hayes & Churchill became insolvent. Hunt then applied to Cornell, to be permitted to substitute two notes in lieu of the $1000 note. Cornell consented to accept two notes, to be signed by Hunt and indorsed by L. & K. Such notes were accordingly made, and delivered to Cornell, who, in consideration thereof, delivered up to Hunt the $1000 note. In an action brought upon the substituted notes; *Held* that the transaction in respect to the original note was a *sale* and not a *loan,* and did not amount to usury; that the giving of the new notes was a new contract; and that the plaintiff was entitled to recover the amount thereof.

It is settled that an indorsee, who buys a note at less than its face, can recover against the indorser no more than the sum for which he bought the note, with interest; though he may recover the full amount of the note against the maker.

This rule applies only as between the parties to the sale; and rests upon the principle of recovering back the consideration paid. It does not apply to third persons who indorse for the accommodation of the payee, and who are not parties to the transfer.

THIS was a case, submitted by the parties, pursuant to the first chapter of the twelfth title of the Code, subject to appeal.

Ingalls *v.* Lee.

Henry Hunt, being a merchant in Troy, sold out his stock of goods to Hayes & Churchill for between three and four thousand dollars, taking, for the payment of the consideration money, several promissory notes signed by them, and payable at different times. Among these notes was one of $1000, bearing date August 9, 1841, and payable at nine months to the order of said Hunt. Hunt kept this note for a period of two or three months, and then, wanting money, took it to Latham Cornell, and desired him to pay him the money on it. Cornell at length, agreed to give $900 for the note, if the latter would himself indorse it, and also get Lee and King, the defendants, to indorse it. The defendants indorsed it by request of Hunt, and for his accommodation, he having first indorsed it himself. The latter then delivered the note, thus indorsed, to Cornell, who in fulfillment of his agreement aforesaid, paid to Hunt the sum of $900, and no more, in full for the note. Subsequently, and before the note became due, Hayes & Churchill became insolvent. Hunt then applied to Cornell to be permitted to substitute two notes in lieu of the $1000 note. Cornell consented that he would accept two notes to be signed by Hunt and indorsed by the defendants. Such notes (being the notes in suit) were accordingly made by Hunt, payable to the defendants, and indorsed by them, and were then delivered to Cornell, who in consideration thereof, delivered up to Hunt the $1000 note. The notes thus substituted are in the words and figures following:

" $400.             Troy, May 12, 1842.

On the first day of September next I promise to pay Lee & King, or order, four hundred dollars for value received with interest, at the Troy City Bank.      HENRY HUNT."

" $600.             Troy, May 12, 1842.

Six months after date I promise to pay Lee & King, or order, six hundred dollars at the Troy City Bank, for value received with interest.      HENRY HUNT."

Payment of the notes was duly demanded of the maker, at the maturity of them respectively, but they were not paid; and notice thereof was duly given to the indorsers, the defendants, and that the holder would look to them for payment.

Ingalls *v.* Lee.

Subsequently, the notes were transferred by Cornell, with his indorsement thereon, in due form, to the plaintiff, who was the holder and owner of the same. The notes, with the interest thereon, amounted on the 12th of November, 1849, to $1505.

The plaintiff insisted that he had a right of action against the defendants for the amount of the said two notes, together with the interest thereon; and the defendants insisted that they were not liable as indorsers thereon, because they insisted that the notes were usurious, and therefore void as against them.

*J. A. Millard*, for the plaintiff.

*A. K. Hadley*, for the defendants.

*By the Court*, PARKER, J. The notes in question, dated May 12, 1842, were made in renewal of the note dated Aug. 9, 1841; and whether they are usurious, depends upon the previous transaction, by which the first note was transferred by Hunt to Cornell, after being indorsed by the defendants. Was that transaction a *sale*, or a loan? Unless it was a loan, there could be no usury.

The facts are brought before the court by a case agreed upon by the parties, under section 372 of the code. The facts, and not the evidence, are thus presented; and upon such facts the court has only to pronounce the law. I think the history of the negotiation, as thus presented, shows only a sale. The transaction certainly has the form and appearance of a sale, and nothing more; and it can not here be pretended that such form was assumed as a cover for a loan. That would be a question of fact which we can not decide. In such cases, the fact is in dispute; and the parties, instead of agreeing upon a statement of facts, would find it necessary to submit them to the determination of a different tribunal.

That the facts, as presented to us, do not constitute usury, has, I think, been repeatedly held by the highest judicial tribunals in this state.

In *Cram* v. *Hendricks*, (7 *Wend.* 569,) the transaction was

as follows : Cram was payee and holder of two promissory notes, made by one Gomez, amounting together to about $3,000. The notes were given in September, 1825, at four months. About three months before the note came to maturity, Cram indorsed the notes in blank, and procured Hendricks to discount them at one per cent a month for the time they then had to run. The notes not being paid when due, were protested, and notice of non-payment given to Cram, who was thereupon sued by Hendricks as indorser. The court for the correction of errors held that the transaction was not usurious.

Now I can see no difference in principle between these two cases. In both, there was a sale of a valid business note and an indorsement made, to secure the purchaser, and it can certainly make no difference, whether the indorsement procured for that purpose was that of the payee, or of a third person. In neither case was there any loan or forbearance of money or other property.

The same principle was recognized in *Mazuzan* v. *Mead,* (21 *Wend.* 285,) where it was held by the supreme court, that the transfer and *guaranty* of a note for a larger sum, in consideration of a less sum, was not *per se* usurious.

But the case that has been regarded as going farthest on this subject, is that of *Rapelye* v. *Anderson,* (4 *Hill,* 472.) Robert Anderson held a bond and mortgage against John Anderson for $3000, dated December 8, 1836, due one year from date, with interest at the rate of seven per cent, payable half yearly. In June, 1837, Robert Anderson, being in want of money, applied to Rapelye to purchase the bond and mortgage, which he agreed to do, at a discount of $400 in addition to the interest then due thereon; provided Robert Anderson would give a bond, singed by himself and one Remsen, guarantying the payment thereof. These terms were agreed to, and a bond was accordingly given, in the penalty of $6000; conditioned, that if the mortgagor paid the sum of $3000 and interest, on the day the mortgage fell due, the bond should be void ; otherwise, in force. The assignment was under seal, and contained a covenant, that $3000 was then unpaid on the bond and mortgage. Only $2600 was in fact paid by Rapelye, though the assignment stated the consid-

eration to be $3000. A bill was filed by Robert Anderson, against Rapelye, to set aside the assignment of the bond and mortgage, and to have the bond given by Rapelye and Remsen delivered up and cancelled. The court for the correction of errors held that the transaction was not a loan, and was not usurious.

The case of *Cram* v. *Hendricks* shows, that the owner of a chose in action, who sells it for a less sum than the amount secured by it, may become security for its payment, as an inducement to the sale; and *Rapelye* v. *Anderson* applies the same rule to a sale of a chose in action, where the security is given by a third person. It certainly makes no difference what is the form of such security; whether it be by indorsement of a note, or by a guaranty in a separate instrument.

It can not be necessary to examine the numerous other cases decided in this and in other states, bearing upon the question under consideration. They are all very fully discussed in *Cram* v. *Hendricks*, and *Rapelye* v. *Anderson*. Nor are we at liberty to question the correctness of the decisions thus made by the highest judicial authority of this state. We have only to apply the principle thus established, to the case under examination; and by that test it seems to me very plain, that the plaintiff is entitled to judgment.

It is now settled, that an indorsee, who buys a note at less than its face, can recover against the indorser no more than the sum for which he bought the note, with interest; though he may recover the full amount of the note against the maker. ( *Wiffen* v. *Roberts,* 1 *Esp. Rep.* 261. 7 *John.* 361. 13 *Id.* 52. 15 *Id.* 56.) Whether the rule thus limiting the recovery, would apply to third persons who indorse for the accommodation of the payee, and who are not parties to the transfer, has not been decided. In *Rapelye* v. *Anderson,* Franklin, senator, intimated that Rapelye could collect, on the guaranty, only the actual sum received on the assignment. But that question was not before the court, which was called on to decide only whether the securities taken, were void for usury. If they were valid, the amount the holder would have been entitled to receive, could only

have been ascertained in a separate action, on the bond. I think the rule referred to applies only as between the parties to the sale, and rests upon the principle of recovering back the consideration paid.

Besides, in this case, new notes made by Henry Hunt, and indorsed by the defendants alone, were substituted in place of those signed by Hayes and Churchill. This transaction was a new contract, upon which, I think, the plaintiff is entitled to recover the whole amount secured by the notes, viz.: $1505 and interest, since November 12, 1849.

---

Same Term.          *Before the same Justices.*