(17 Misc. Rep. 129.)

## LUDINGTON v. KIRK et al.

(Supreme Court, Appellate Term, First Department. May 25, 1896.)

1. USURY—WHAT CONSTITUTES.
　　A renewal note is not usurious merely because the agent of the owner received a sum in excess of legal interest, where it appears that the sum paid to the agent was in the nature of a gratuity or a commission to him.

2. SAME—NOTE OF CORPORATION.
　　A corporation being prohibited by Laws 1850, c. 172, § 1, from pleading usury, the indorsers of its note cannot plead it.

Appeal from city court of New York, general term.

Action by Marietta Ludington against Hartford B. Kirk and others on a promissory note. A judgment in favor of plaintiff was affirmed by the city court (37 N. Y. Supp. 1141), and defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

George Putnam Smith, for appellants.

Lyman W. Reddington, for respondent.

BISCHOFF, J. This action is brought against the defendants, members of a co-partnership, as indorsers of a promissory note made by a certain corporation, and transferred, before maturity and for value, to the plaintiff; the defendants' firm being the payee of the note. The instrument in suit was received by the plaintiff in renewal of a note also made by this corporation, and the defense was usury, based upon the fact that the plaintiff's agent personally received a payment over and above the amount of interest, or rate of discount, due upon the renewal.

That this transaction did not amount to an agreement for the receipt of usury cannot well be in doubt, in view of the fact that the evidence is entirely in favor of this payment having been made in the nature of a gratuity to the agent, or a commission for procuring forbearance upon the note renewed. Condit v. Baldwin, 21 N. Y. 219; Estevez v. Purdy, 66 N. Y. 446; Van Wyck v. Watters, 81 N. Y. 352. Furthermore, since the note was that of a corporation, usury was not a defense open to it or to the indorsers.[1] Stewart v. Bramhall, 74 N. Y. 85.

The distinction sought to be made by the appellants, that the corporation was an accommodation maker, and that the note practically took inception from the indorsement, cannot be adopted. Whatever the value of this proposition might be in general, we cannot say from the evidence in this case that the corporation was an accommodation maker,—a remarkable position, in any event, for a corporation to assume,—and the presumption is that the note was given for value. Moreover, the evidence is that Breck, the partner negotiating the instrument, informed the plaintiff's agent that it was business paper; and the trial justice was authorized in finding that this representative controlled the transaction. The

---

[1] Laws 1850, c. 172, § 1, provides that "no corporation shall hereafter interpose the defense of usury in any action."

representation, acted upon in good faith, estopped the indorsers from claiming the contrary. Mason v. Anthony, *42 N. Y. 609. The record contains sufficient evidence to charge the defendants with liability upon the indorsement made by their partner, Breck, irrespective of the secret limitations upon his powers; and we fail to see how the justice could have escaped determining the cause submitted to him in favor of the plaintiff.

The contention that the recovery should have been only in the actual amount paid for the original note, $930.78, with interest, instead of $1,000, the face of the note in suit, is not well founded. True, this action is between the purchaser of the note and her indorser, the vendor, and thus should not result in a recovery of a sum greater than was paid as consideration for the sale, with interest (Ingalls v. Lee, 9 Barb. 647; Phillips v. Mackellar, 92 N. Y. 34); but the consideration for the note in suit was the cancellation of a note of equal value, enforceable on its face, against the maker, at least, for that amount; and it is not for this court, nor was it for the court below, to speculate as to the probability of. its payment at or enforcement after maturity, if it had not been canceled. No reduction, moreover, should be made on account of the payment of $65, made by Breck upon delivery of the note in suit and the cancellation of the original note. Of this sum, $20 was paid by check made to the plaintiff's order, and intended to meet the legal rate of discount; and the remainder was knowingly paid as a gratuity or commission to another individual personally, and was not in the least a part of the transaction with the plaintiff.

The judgment should be affirmed, with costs.