(18 App. Div. 240.)

PLATH v. KLINE.

(Supreme Court, Appellate Division, Second Department. June 8, 1897.)

1. LANDLORD AND TENANT — LETTING FOR IMMORAL PURPOSE — EVIDENCE OF INTENT.

In an action on a renewal lease for rent, where the defense was that the letting was for an immoral purpose, evidence of the prior lease and of defendant's tenancy under it was competent on the question of plaintiff's knowledge of the use made by defendant of the premises, and of his consent thereto, as bearing on his understanding or intent in that respect when the release in suit was made, where the unlawful business was continued from and after the making of the latter.

2. SAME—CONDUCT OF LESSOR.

Evidence that plaintiff had other houses in the vicinity, in which he, through housekeepers, conducted an unlawful business of the same character as that conducted by defendant, was competent on the question of his intent in that respect, to be considered, however, only when the facts pertinent in chief were found to have been established by other evidence.

3. SAME—LEASE—VARIATION BY PAROL.

Parol evidence is competent to show that a written lease of a house "to be used for furnished room house only" was made for an unlawful purpose, and that the tenant accomplished such purpose with the knowledge and consent of the lessor.

4. APPEAL—HARMLESS ERROR.

The admisson of a record to prove a fact already admitted is harmless.

Appeal from trial term, Kings county.

Action by Ernst Plath against Jennie Kline for rent under a written lease. From a judgment entered on a verdict for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

H. M. Gescheidt, for appellant.
William Van Wyck, for respondent.

BRADLEY, J. The plaintiff, by this action, sought to recover rent apparently due upon a lease made by him to the defendant of certain premises, known as "No. 16 Delancey Street," in the city of New York, on April 3, 1893, for the term of four years from the 1st day of May then following. The alleged defense is that the premises were leased to the defendant by the plaintiff, to be used by her as a bawdy house or house of assignation, for immoral purposes, and that they were occupied and used by her for such purposes, with his knowledge and consent, until December, 1894, when they were vacated by the defendant, and surrendered to the plaintiff. The keeping of such a house was a misdemeanor at common law, as was the demise of a house with intent that it be kept, and which was kept, for such purpose. People v. Erwin, 4 Denio, 129; People v. Sadler, 97 N. Y. 146. It has been made so by statute. Pen. Code, § 322. The lease was in writing, and subscribed by the parties, and the purpose of the tenancy created by it, as expressed therein, was that the house was "to be used for furnished room house only." It appears that the defendant rented the same premises from the former owner for a term of years, and after the plaintiff became the owner,

and in October, 1889, he made to her a lease for the term of three years from the 1st day of May, 1890. The lease in question, therefore, seems to have been a renewal lease;

The evidence of the defendant is to the effect that during the whole time she occupied the house, from the time of her entry, in 1883, she kept it as a common bawdy house, commonly known as a house of ill fame. She gave evidence tending to prove that, at the time he made the first lease to her, the plaintiff understood that the defendant intended to use the house for such immoral purpose, consented to it, and was afterwards advised that she so used it; and that, when and after the last lease was made, he knew that the house was being and to be used for such purpose by the defendant. When the lease of 1889, and the evidence of conversations had by the defendant with the plaintiff about the business which she would carry on in the house, were offered, exceptions were taken to the reception of the evidence; and it is now insisted that the negotiations of the parties were merged in the written lease, and that parol evidence is not admissible to contradict its terms. The evidence of the prior lease, and of her tenancy under it, was competent upon the question of his knowledge of the use made by the defendant of the premises, and of his consent to such use, as bearing upon his understanding or intent in that respect when the lease in question was made, inasmuch as the unlawful business was continued from and after the time the latter was made and the tenancy begun under it. And the terms of the lease were no legal interruption to the introduction of evidence to the effect that it was made and the tenancy created for an unlawful purpose, and that, in her relation as his tenant, such purpose was accomplished by the defendant, with the knowledge and consent of the plaintiff.

The evidence tending to prove that the plaintiff had other houses in that vicinity, in which he, through his housekeepers, was conducting unlawful business of the same character, was competent, not in support of the charge of his knowledge of the purpose of the defendant to conduct the business which she did in the house, nor of his consent to such use of the premises, but it was competent as bearing upon the question of his intent in that respect, to be considered only when the facts pertinent in chief were found to have been established by other evidence. People v. Wood, 3 Parker, Cr. R. 681; Bielschofsky v. People, 3 Hun, 40; Weyman v. People, 4 Hun, 512, 517; Hall v. Naylor, 18 N. Y. 588.

The question of the admissibility of the record of conviction of the defendant for keeping a house of ill fame upon the premises while she was tenant of the plaintiff requires no consideration, since it had, before such record was offered in evidence, been conceded at the trial that she kept such a house there. So far as any fact rested upon the testimony of the defendant, her credibility was properly the subject of severe criticism. There were, however, some corroborating circumstances furnished by other evidence. And then the omission of the plaintiff to become a witness on the trial may have had some significance in the consideration of the evidence on the part of the defendant, from which evidence the inference was per-

mitted that the plaintiff understood, when the lease was made to the defendant, that she intended to continue the use of the premises for the unlawful purposes before mentioned, and that they would be, as they were, so used. From the facts so found, the consequence would necessarily be the defeat of the action upon the lease. Ernst v. Crosby, 140 N. Y. 364, 35 N. E. 603. The case was fairly submitted to the jury by the charge of the court, in which the parties, by taking no exception, may be deemed to have acquiesced. No other questions require expression of consideration.

The judgment and order should be affirmed. All concur.