CHARLES I. ROCKMORE, Plaintiff, *v.* JOSEPH EPSTEIN and Others, Defendants.

Supreme Court, Kings County, April 23, 1926.

**Bills and notes — usury — action on promissory note made by corporation on which defendant, with several others, signed as comakers — defendant may not set up defense of usury where pleadings show usury was practiced upon corporation as comaker — failure of defendant as accommodation indorser to show that he individually was made victim of usurious transaction warrants striking out defense in answer.**

Defendant who executed a promissory note, made by a corporation with several individuals, including himself, signing as comakers and reciting " for value received we, the undersigned, jointly and severally promise to pay to the order of Dangler Finance Corporation," is not entitled to set up a defense of usury, where the facts pleaded show that said defendant, in the language of section 55 of the Negotiable Instruments Law, was an accommodation party only who signed as a comaker. Since he pleaded no facts to show that he individually was the victim of the usury, he may not avail himself of the defense of usury which he claimed was practiced on the corporation; such a defense is not available to the corporation. Nor can the corporation transmit a defense to the defendant that is not available to itself, and for that reason defendant's defense predicated upon usury in an action upon said note must be stricken out.

MOTION by plaintiff to strike out defenses, including separate defense of usury, in action on a promissory note.

*Maxwell V. Lovins,* for the plaintiff.

*Abraham Beier,* for the defendant Mayer Altman.

CARSWELL, J. The plaintiff moves to strike out two separate defenses in the answer of the defendant Altman. He has consented to the first separate defense in his answer being stricken out. The contested question is with reference to the sufficiency of the second separate defense. In that defense defendant Altman sets up that the note on which he is being sued was usurious and that plaintiff took it with knowledge of that fact. Plaintiff asserts that as the note was made by a corporation with several individuals signing as comakers, the defense of usury is not available to the individual comakers because it is not available to the corporate maker of the note. There is no case precisely in point in this State that either side or the court has been able to find.

It appears from paragraph 4 of the complaint and from the note, which is annexed to the complaint and to which reference is made in the defense attacked, that the note is the joint and several obligation of the makers. The note reads: " For value received we, the undersigned, jointly and severally promise to pay to the

order of Dangler Finance Corporation." Everyone except a corporation may invoke the defense of usury. The determination of whether the denial of a defense of usury to a corporation can be extended by implication so as to deny such a defense to an individual who is a comaker of a note is to be determined by the nature and character of that individual's obligation under the note and the circumstances under which he assumed the obligation. The obligation by express terms of the note is joint and several. It is expressly several as to the defendant Altman. He thereby becomes entitled to every individual defense that would accrue to him in his individual capacity on a separate note for the same amount. Therefore, he is entitled to plead a usury defense even though his corporate comaker be denied that right unless the facts he pleads cut down the effect of the face of the note and make inappl'cable this principle. In the defense, however, it appears affirmatively what the circumstances were that involved the alleged usury. Facts are pleaded that indicate that usury had been practiced upon a corporate maker, but no facts are pleaded to show that usury had been practiced upon the individual maker, the codefendant Altman. If the facts pleaded had shown Altman, in his individual capacity, was a party to the transaction involving moneys under circumstances that indicated that he had been victimized individually with respect to the usury, then he would be free to have the full benefit of a usury defense in his individual capacity. But the usury he seeks to avail himself of is not usury practiced upon himself, but usury which was practiced upon a corporation as comaker.

It is expressly set out that the alleged usurious agreement to loan money was made between the defendants Merchants Coffee Pot, Inc., and Merchants Cafeteria, Inc., and the payee of the note, Dangler Finance Corporation, and that the note was given to the payee by the aforementioned corporations, Merchants Coffee Pot, Inc., and Merchants Cafeteria, Inc. Nowhere it is alleged that the usurious agreement was made between the payee and the defendant Altman. The agreement to loan must be the basis of the alleged usury, and not the receipt of any moneys by the defendant Altman *through* the corporations who are parties to the alleged usurious agreement. The defense sets out facts which do not show that the defendant Altman in his individual capacity had any beneficial interest in the note or the transaction involved therein. He comes within section 55 of the Negotiable Instruments Law which provides: " An accommodation party is one who has signed the instrument as *maker*, drawer, acceptor or indorser, without receiving value therefor, and for the purpose

of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

It appears affirmatively from the facts set out in the defense that the defendant Altman was, in the language of section 55, " an accommodation party " only, who signed as a comaker. His obligation to pay was primary and absolute, but since he pleads no facts to show that he individually was directly the victim of usury, he may not avail himself of a defense of usury which he claims was practiced on a corporate comaker. The corporation cannot transmit a defense to him that is not available to itself.

A different result would ensue, as has already been indicated, if the facts pleaded showed that the defendant Altman individually had been a party to a loan agreement for the receipt of moneys and the signing of a note involving usury practiced on him individually as well as the corporation. Then even if such a defense were not available to the corporation, it would be available to him individually, because in that event the corporation would not be transmitting a defense to him that it did not possess, but a defense would inhere in the defendant Altman directly independent of and entirely dissociated from the corporation as such. This is in consonance with certain cases cited with respect to accommodation indorsers and guarantors not being permitted to invoke usury as a defense. (*Rosa* v. *Butterfield*, 33 N. Y. 665; *Stewart* v. *Bramhall*, 74 id. 85; *Ludington* v. *Kirk*, 17 Misc. 129.) There the obligation of the indorser is a collateral one. It is not primary, but is secondary, and only becomes absolute upon the default of the maker. The rights and obligations are worked out through and measured by the extent of the maker's liability and what is not available to the maker is not available to the indorser or guarantor.

The defense *as pleaded* herein is based upon facts that the comaker Altman was not involved in, and he can only arrive at them *through* the corporation maker. He is in the same position as an indorser to whom such a defense is not available, because it would have to come *through* a corporate maker by whom it is not possessed. What is not possessed may not be transmitted. The motion to strike out the second defense of the defendant Altman is granted.

If proof be furnished by affidavit that facts exist and might be alleged which would disclose a different situation and render inapplicable the principle that is being applied against the defendant Altman herein, such an affidavit may be submitted in connection with a request for leave to plead over.