Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of National Surety Company, and Louis Rothbard, Respondents, *v.* L. Kaplan, Inc., and Others, Appellants.

Second Department, November 19, 1937.

*Abraham Goldin,* for the appellants.

*Jacob Goodman,* for the respondents.

Adel, J.  Plaintiff Rothbard holds a bond in the sum of $10,000, executed in his favor by the seven defendants (a corporation and six individuals).  All the defendants are designated in the bond as obligors and acknowledge themselves to be indebted to said plain-

tiff. There is no other language in the instrument that indicates that the six individual defendants are sureties or guarantors of an indebtedness of the corporation, and no other writing has been produced that would show that the individuals contracted to guarantee or insure an indebtedness of the defendant corporation.

The plaintiffs have brought this action, alleging that the bond is past due and unpaid, and demanding judgment against the defendants and each of them.

By way of a separate defense, the defendants charge that the bond was executed and delivered to plaintiff Rothbard upon a corrupt and usurious agreement requiring defendants to pay to said plaintiff a sum of money in addition to the lawful rate of interest.

Plaintiff Rothbard moved on the pleadings and on affidavits to strike out the answer and for judgment. The motion has been granted and judgment has been entered in plaintiffs' favor.

In plaintiff Rothbard's affidavits it is conceded that he received $600 as a consideration for making the loan. It is stated, however, that the loan agreement was exclusively with the defendant corporation; that the six individual defendants had no part in the loan transaction, but that they merely lent their names and credit for the accommodation and convenience of the defendant corporation as an inducement to said plaintiff to make the loan. In other words, they were sureties or guarantors of the defendant corporation's debt. It is asserted that, therefore, no usury was practiced on the individuals, and such defense will not operate in their favor. Nor may the defendant corporation assert a defense of usury (General Business Law, § 374); and it follows that the individuals may not derive such a defense through the corporation. These propositions are supported by authority; and the usury defense is not available to the individual defendants if, in fact, they be shown to be sureties or guarantors who did not participate in a usurious transaction. (*Rockmore* v. *Epstein*, 127 Misc. 526.) That decision deals with a negotiable instrument, but the principle explained is applicable to the case at bar, and has our approval.

The affidavit submitted on behalf of the defendants states that the individual defendants were not merely sureties or guarantors of the corporation's debt, but that they were principals in a transaction that was illegal as to the individuals, and, indeed, that they contributed to the payment that was made to plaintiff Rothbard as a consideration for making the loan.

The claims made in defendants' affidavit have been contradicted in reply affidavits submitted on behalf of plaintiffs.

Under the present state of the evidence, we think a triable issue exists as to whether or not the individual defendants were parties to a usurious loan agreement. If, as a matter of fact, they were merely sureties or guarantors of the corporation's debt, the defense of usury is not available to them. If they were parties to a loan agreement at an unlawful rate, the defense is good. We believe these matters are sufficiently in dispute to preclude their determination on affidavits; and summary judgment should not have been granted against the individual defendants.

Inasmuch as the bond in suit is not ambiguous, it might be that parol evidence is not admissible to show that the individual defendants are in a legal category different from that which the instrument indicates. In our opinion there should be no difficulty in this connection. In the ordinary course, under the complaint there is required to be proved the execution of the instrument and non-fulfillment of its terms. The individual defendants have the burden of establishing their affirmative defense of usury, and it is well settled that parol evidence is admissible to show the illegal nature of a contract. (Richardson on Evidence [5th ed.], § 429; *Plath* v. *Kline*, 18 App. Div. 240; *McCraith* v. *Buss*, 198 id. 524.)

The order granting the motion to strike out the answer and for summary judgment, and the judgment entered thereon, should be reversed on the law as to the individual defendants, with ten dollars costs and disbursements. and the motion denied as to them, with ten dollars costs.

The order and judgment as against the corporate defendant should be affirmed, with ten dollars costs and disbursements.

HAGARTY, CARSWELL and DAVIS, JJ., concur; TAYLOR, J., concurs in result.

Order striking out answer and granting summary judgment, and judgment entered thereon, reversed on the law as to the individual defendants, with ten dollars costs and disbursements, and motion denied as to them, with ten dollars costs.

Order and judgment as against the corporate defendant unanimously affirmed, with ten dollars costs and disbursements.