GEORGE B. CABRERA and GERTRUDE C. CABRERA, Plaintiffs, *v.* OLIVER H. OLSEN and OLE H. OLSEN, Defendants.

Supreme Court, Special Term, New York County, November 22, 1937.

*Alexander Roth,* for the plaintiffs.

*Franklyn P. Ferguson,* for the defendant.

COTILLO, J. The present action is brought upon a collateral bond given by the defendants to secure the payment of a corporate indebtedness. The defendant against whom summary judgment is now sought claims that his collateral bond was given to induce the obligee to extend the payment of the corporate indebtedness, and that the obligee exacted a usurious bonus as a condition to granting the extension. The law appears to be well settled in this State that the statutory prohibition* against a plea of usury by a corporation applies with equal force to an individual's guaranty of a corporate obligation. (*Salvin* v. *Myles Realty Co.,* 227 N. Y. 51; *Union Estates Co.* v. *Adlon Construction Co.,* 221 id. 183; *Stewart* v. *Bramhall,* 74 id. 85; *Rosa* v. *Butterfield,* 33 id. 675.) The case of *Schwartz* v. *Fifty Greenwich Street Realty Corp.* (265 N. Y. 443) is distinguishable. Examination of the record on appeal reveals that the action was brought not upon the collateral bond executed by the individual defendant Leary on December 29, 1927, but rather upon an extension agreement dated December 10, 1930, to which both the corporation and Leary were parties (Record on Appeal to Court of Appeals, folios 100–102), and by the terms of which Leary's status was changed from that of one secondarily liable for the payment of a corporate obligation to that of a joint primary debtor. The main brief submitted by Leary in the Court of Appeals proceeded on the theory that Leary was a primary debtor and, therefore, could plead usury even though he would not have been able to do so had he been only secondarily liable for the payment of the corporate obligation (p. 9): " It is true that the courts of this State have uniformly held that contracts of corporations have not been within the usury laws, and the act as construed includes collateral contracts of individuals as sureties, guarantors or indorsers for a corporation. This is the language used by Mr. Justice LEHMAN in the case of *Weinreb* v. *Coleman Stable Co.* (70 Misc. 535). It, therefore, must be borne in mind that the obligation herein sued on is not the collateral bond of defendant George Leary, dated December 29, 1927, but it is the primary obligation dated December 10, 1930 (for which this suit is brought on) (fol. 101 *et seq.*). And the law in this State has always been that the primary obligor on an independent contract in which he has a beneficial interest, can avail himself of the defense of usury.

---

* Gen. Business Law, § 374.

(*Rockmore* v. *Epstein*, 127 Misc. 526; *Strong* v. *N. Y. Laundry Mfg. Co.*, 37 Sup. Ct. 279.) "

Again, in Leary's reply brief in the Court of Appeals he emphasized the fact that the cases dealing with guaranties of corporate obligations were not applicable because (p. 2): " Mr. Leary, subsequent to December 10, 1930, was not a ' surety,' ' guarantor ' nor ' indorser ' for a corporation. He was primarily liable for the whole debt and interest."

No opinion was written by the Court of Appeals in the *Schwartz Case (supra)*, and it is, therefore, difficult to believe that the court intended to overrule a long line of its own decisions to the effect that the guarantor of a corporate obligation may not plead usury since the corporation itself may not do so. The case must be regarded as holding merely that an individual who becomes a joint primary debtor with the corporation may plead usury though the corporation is barred from doing so.

The motion for summary judgment is granted. Settle order.