**UNITED STATES v. ERIE COUNTY et al.**

No. 2253.

United States District Court
W. D. New York.

May 10, 1940.

George L. Grobe, U. S. Atty. and Joseph J. Doran, Asst. U. S. Atty., both of Buffalo, N. Y., for complainant.

Paul J. Batt, Erie County Atty. and Genevieve Goergan, Deputy County Atty., both of Buffalo, N.Y., for defendant Erie County.

Robert P. Galloway, of Silver Creek, N. Y., for Town of Brant.

KNIGHT, Chief Judge.

The motion for a new trial must be denied for these reasons:

(1) The notice of motion herein was served later than 10 days after the entry of judgment. Federal Rules of Civil Procedure, rule 59(b), 28 U.S.C.A.

In the draft of the proposed Federal Rules of Civil Procedure, (May, 1936) Rule 65(b) read: "In a case tried by a jury, a motion for a new trial shall be served within 10 days after the reception of the verdict; in all other cases, *within 10 days after the service of notice of the order for judgment.*" (Italics mine.) Rule 87 of such draft, also, provided that "The entry of an order or judgment shall not of itself be deemed notice to the parties or their attorneys" and provided for the mailing of notice of entry by the Clerk. It also included the provision that any party "may, in addition" serve the notice.

A subsequent draft of the proposed rules (April, 1937) Rule 56(b) therein was in substance the same as Rule 59(b) as finally adopted. Rule 79(d) of the second draft contains the significant provision that "The entry of an order or judgment, other than the judgment entered forthwith on the verdict, shall not of itself be deemed notice to the parties or their attorneys."

In a third draft of these rules (November, 1937), Section 59(c) is substantially

the same as in the final draft. The meaning is the same. In this draft the provision that the entry of the order or judgment shall not of itself be deemed notice to the parties is omitted. It is stated in the note to the rule in the November draft that confusion had been created from the prior proposal because under the statute the time to take an appeal runs from the entry of judgment and it was believed the provision was unenforceable.

Rule 79(d), as heretofore proposed, provided that "Such mailing is sufficient notice for all purposes for which notice of the entry x x x must be given." Rule 77(d) now is substantially the same. Rule 59(c) does not require notice of entry to set the running of the limitation period any more on a motion for a new trial than for an appeal.

Again, Rule 6(b) provides that the court "may not enlarge the period for taking any action under Rule 59, except as stated in subdivision (c) thereof, or the period for taking an appeal as provided by law." Subdivision (c), Rule 59, only permits an extension of time in which to serve answering affidavits on a motion for a new trial.

Rule 59 relates exclusively to a motion for a new trial. The omission of the provision for notice of entry in the earlier draft is significant. Its inclusion recognized the necessity of including the clause if the time is to run from notice of entry. When it was omitted it affected motions as well as appeals. There is now no rule which makes the limitation period on a motion dependent on the service of notice of entry of judgment.

(2) Personal service of notice of entry was made by a party defendant on April 2, 1940. Notice of the motion was served on April 15, 1940.

Assuming that service of notice of entry of judgment was necessary to set the limitation period running, the notice of motion herein was served later than 10 days after the service of notice of entry of judgment. Rules of Civil Procedure, rule 59(b). The reasonable construction of the last mentioned rule is that service either by the clerk or a party is sufficient. In this view the limitation period began running from the earliest service. In this view plaintiff had the full 10 days after the entry of judgment in which to move.

 (3) The court had jurisdiction to dismiss the complaint. Upon the motion for summary judgment affidavits were submitted by each party and findings of fact and conclusions of law submitted by each party. No objection was raised to the entry of the judgment on the decision. The motion assumed the nature of a trial. Rule 56(d) contemplates that all issues may be decided on the motion, and Rule 54(c) provides that the court shall grant a judgment to which a party is entitled though not demanded in the complaint. Defendants did not move for summary judgment. The answers did demand judgment of dismissal. No issue is left to be determined. It would be an idle thing to have a new trial.

The motion is in all respects denied.