## TRUNCALE v. BLUMBERG et al.

United States District Court
S. D. New York.
Oct. 21, 1948.

Millard & Greene, of New York City (Milton Pollack and Burr F. Coleman, both of New York City, of counsel), for plaintiff.

Phillips, Nizer, Benjamin & Krim, of New York City (Louis Nizer and Daniel Glass, both of New York City, of counsel), for defendant William A. Scully.

MEDINA, District Judge.

▮ The plaintiff has moved for summary judgment against defendant William A. Scully, and the situation as to him is similar to that of defendant Clifford Work, except that counsel for Work made a cross-motion for summary judgment, whereas counsel for Scully did not. There are no disputed questions of fact on the issue of the liability of any of defendants and the questions of law which govern the case are determined and set forth in my opinion dated October 14, 1948, D.C., 80 F.Supp. 387, in disposing of the companion motions relative to the claim against defendant J. Cheever Cowdin. The application of the principles outlined in that opinion to the facts of Scully's case requires the granting of plaintiff's motion for summary judgment, subject to further proceedings relative to the assessment of damages as provided in Rule 56(c) and (d), Federal Rules of Civil Procedure, 28 U.S.C.A., except that the motion must be denied with respect to that part of plaintiff's claim which concerns the gift of 450 warrants to Mrs. Scully on May 16, 1947.

Rule 56 contains no express language similar to the following, contained in the New York Rules of Civil Practice, Rule 113: "If upon such motion it shall appear that the opposing party is entitled to judgment, the judge hearing the motion may award judgment, even in the absence of a cross-motion therefor."

Despite the absence of such express authority it has been held, however, prior to the effective date of the amended rules hereinafter referred to, that the general language of Rule 54(c), "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings," was sufficient to warrant the entry of judgment in a clear case, despite the absence of a cross-motion. Hooker v. New York Life Ins. Co., D.C.N.D.Ill.1946, 66 F.Supp. 313, 318; United States v. County of Erie, W.D.N.Y. 1940, 8 F.R.D. 493. One case holds to the contrary, without discussion. Pinkus v. Reilly, D.C.N.J.1947, 71 F.Supp. 993, 996.

▮ While it is my personal preference that the summary judgment rule be made as flexible and expeditious as possible, so that the full potentialities of this procedural device may be realized, I cannot persuade myself that Rule 56 was intended to permit an adjudication on the merits favorable to the party opposing a motion for summary judgment, without a cross-motion. This view is confirmed by the circumstance

that this very question of the necessity for a cross-motion received thoughtful consideration by the Advisory Committee at the time of the formulation of the amendments, which took effect in March of this year. The decision by the Advisory Committee that no change should be made, would seem to be a clear indication that such relief should not now be granted in the absence of a cross-motion. After all, there will in most cases be little delay and no substantial inconvenience if the cross-motion is required.

Accordingly, I shall hold the papers for an additional two weeks in order that counsel may have an oportunity to make a cross-motion, if they desire to do so.