**Charles DANTON and Lawrence L. Lazar, Plaintiffs,**

**v.**

**HARRY WINSTON, Inc., Defendants.**

United States District Court
S. D. New York.

Feb. 5, 1957.

Hays, St. John, Abramson & Heilbron, New York City, for plaintiffs, Osmond K. Fraenkel, New York City, of counsel.

Harry Torczyner, New York City, for defendant.

WEINFELD, District Judge.

Plaintiffs move for summary judgment and for an order directing a reference with respect to the amount of damages pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. which provides that "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages."

Plaintiffs, who are Florida attorneys, were retained by the defendant to bring an action against one Horace Dodge, to whom it had delivered jewelry valued at $176,800 and for which Dodge had issued his promissory note payable within the year. Plaintiffs instituted a replevin action against Dodge in the Florida courts and succeeded in obtaining the return of the jewelry which was delivered to the defendant.

The replevin suit was instituted only after plaintiffs, by letter dated April 5, 1954 and on subsequent occasions had advised the defendant that suit on the promissory note issued by Dodge or open account would result in a money judgment of questionable value; indeed it appeared that 22 judgments had been entered against Dodge in Florida, all of them unsatisfied of record. Significantly, prior to the commencement of the action the defendant caused to be executed a bond in replevin as required by the laws of Florida.

Upon this record there can be no genuine issue of fact either of plaintiffs' retention by defendant to prosecute the suit or of the rendition by them of professional legal services for which they are entitled to compensation either under express contract or one implied in fact. They sue upon a quantum meruit basis although a statement submitted by plaintiffs to the defendant and retained by it for an extended period without protest might well warrant an action for an account stated. Cf. Rodkinson v. Haecker, 248 N.Y. 480, 162 N.E. 493.

The defendant first contends the fee is excessively exorbitant and of course it is entitled to contest its reasonableness. Next, it seeks to defeat or diminish plaintiffs' right to compensation upon a contention they represented to the defendant that a replevin suit would not bar a recovery of damages for depreciation and for use of the jewelry while in Dodge's possession, as well as reimbursement for legal expenses incurred in connection with the recovery of the jewelry. Such relief was denied by the Florida courts, and accordingly defendant maintains that it has been damaged by reason of such alleged representations in consequence of which it is not obligated to pay plaintiffs' fees.

The defendant also asserts a counterclaim against plaintiff for two pieces of jewelry valued at $5,900 which they received in escrow from Dodge in settlement of another aspect of defendant's claim against him. The plaintiffs concede this is the property of the defendant and state they are prepared to deposit the jewelry with the Clerk of the Court pending the outcome of this suit.

Defendant also makes the contention that it retained only one of the plaintiffs

and not the law firm of which he is a member. However, this is raised only in the answer and no evidential matter is contained in the affidavit in opposition to the motion; indeed this contention appears to have been abandoned on this motion. In any event, the exchange of correspondence between the plaintiffs and the defendant show beyond question that the defendant knew it was represented by the plaintiff firm.

Since the papers beyond peradventure establish the rendition of services by plaintiffs on behalf of the defendant at its request, and the only issue is the precise amount to which plaintiffs may be entitled, there is no just reason why the matter may not proceed to a trial to assess the damages, if any. Any claim or defense to defeat or diminish plaintiffs' right to compensation for the services rendered by them based upon their alleged misrepresentation that damages were recoverable in the replevin suit or upon any other contention may be advanced upon the trial to assess damages. Thus defendant's right to a trial of contested issues is fully preserved. If an appropriate and timely demand for jury trial has been made, the matter will be placed on the assignment calendar for the 25th day of February, 1957; if no such demand has been made, then it is placed on the non-jury assignment calendar for the 13th day of February, 1957.

Settle order on notice.