**David B. WILTSEK, Plaintiff,**

v.

**ANGLO–AMERICAN PROPERTIES, INC., John Sackville-Pickard, Peter Sackville-Pickard, Fannie S. Holcomb and William L. Holcomb, Defendants.**

**No. 66 Civ. 3311.**

United States District Court
S. D. New York.
Nov. 27, 1967.

Sherman & Citron, New York City, for plaintiff.

Breed, Abbott & Morgan, New York City, for defendants Sackville-Pickard, Thomas A. Shaw, Jr., New York City, Andrew R. Willing, of counsel.

## MEMORANDUM

BONSAL, District Judge.

In September 1966 plaintiff instituted this action in Supreme Court, New York County, seeking to recover on two promissory notes, one for $125,000 and the second for $10,000, made by the defendant Anglo-American Properties, Inc. (American), and also signed by the defendants John Sackville-Pickard (John Pickard), Peter Sackville-Pickard (Peter Pickard), W. L. Holcomb and Mrs. Fannie S. Holcomb (the Holcombs). Only John Pickard and Peter Pickard (the Pickards) were served, and on October 11, 1966 they removed the action to this court on the ground of diversity of citizenship, plaintiff being a citizen of New York and the Pickards being citizens of Pennsylvania. Plaintiff now moves for summary judgment pursuant to Rule 56, F.R.Civ.P. Plaintiff's motion is granted with respect to the amount of principal presently due on the $125,000 note, such amount to be determined at trial. Plaintiff's motion with respect to interest on the $125,000 note and with respect to the $10,000 note is denied.

In March and April 1964 plaintiff loaned $125,000 to W. L. Holcomb & Associates, Inc. (the Holcomb Co.), a corporation organized under the laws of Mississippi and principally owned and controlled by the Holcombs, and plaintiff received a note in the amount of $125,000 payable to him (the Holcomb note). The Holcomb note, dated April 1, 1964, was made by the Holcomb Co. and was guaranteed by the Holcombs individually. Thereafter, the Holcomb Co. went into receivership in Mississippi.

On October 12, 1965, American, a corporation organized under the laws of Pennsylvania and principally owned and controlled by the Pickards, entered into an agreement with W. L. Holcomb to purchase stock of the Holcomb Co. and to assume certain of its liabilities, including the Holcomb note. Paragraph 1(d) of the agreement provided as follows:

"(ii) BUYER [American] will assume the responsibility and payment of the following notes, in the following manner:

\* \* \* \* \* \*

"(iv) The Note of David Wiltsek of the City of New York, State of New York, in the amount of One Hundred and Twenty Five Thousand Dollars ($125,000) will remain guaranteed by SELLER [W. L. Holcomb] until such Note is redeemed by BUYER under the terms and conditions arranged between BUYER and David Wiltsek which will include the payment of all delinquent interest, copy of which agreement is attached hereto as Exhibit 'B'."

No agreement was attached as Exhibit B but a letter from plaintiff to American dated August 31, 1965 was attached,

which specified that American was to execute a note for $125,000, payable in installments, with interest at 6% per annum and, at the time the note was executed, American was to pay all unpaid interest due on the Holcomb note. American's assumption of responsibility for the Holcomb note was not to relieve the obligors thereon of their liability.

On February 28, 1966, Owen T. Palmer, an attorney with offices in Mississippi who was representing the Pickards, sent to the plaintiff the two notes made by American (the notes) upon which he now seeks to recover. The notes, which are dated January 15, 1966 and which are identical except as to amount, read in relevant part and are signed as follows:

"FOR VALUE RECEIVED, I, we, or any of us, agree to pay to the order of D. B. Wiltsek the sum of * * * [ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS in the $125,-000 note and TEN THOUSAND DOLLARS in the $10,000 note], with interest at the rate of six per cent (6%) per annum on the unpaid balance * * *.

* * * * * *

"All parties hereto, whether maker, endorsers, or sureties, hereby waive presentment, demand for payment, protest and notice of dishonor, * *.

"ANGLO-AMERICAN
PROPERTIES, INC.
BY: John Sackville-Pickard
"John Sackville-Pickard
Individually.
"Peter Sackville-Pickard
Individually.
"W. L. Holcomb, Individually.
"Mrs. Fannie S. Holcomb, Individually."

The notes were accompanied by a covering letter from Palmer which reads:

"I enclose herewith two promissory notes duly executed by Anglo American Properties and *endorsed personally* by Messrs. John and Peter Sackville-Pickard * * *."

[Emphasis supplied].

Enclosed with the notes was a personal guarantee dated January 15, 1966 and signed by the Holcombs, which reads as follows:

"Whereas W. L. Holcomb and Fannie S. Holcomb, husband and wife, are guarantors on a certain note dated April 1, 1964, in the amount of One Hundred Twenty-Five Thousand Dollars ($125,000.00) executed as maker by W. L. Holcomb & Associates, Inc., in favor of D. B. Wiltsek, and

"Whereas said indebtedness has been assumed by Anglo-American Properties, Inc., and guaranteed by Peter Sackville-Pickard and John Sackville-Pickard, and

"Whereas Anglo-American Properties, Inc., has negotiated with D. B. Wiltsek to issue additional notes for the principal and interest due on the aforesaid note, provided that the same will be endorsed and guaranteed by Peter Sackville-Pickard and John Sackville-Pickard personally and W. L. Holcomb and Fannie S. Holcomb, * * *

"Now * * * in consideration of One Dollar ($1.00) and other good and valuable considerations, receipt of which is hereby acknowledged, W. L. Holcomb and Fannie S. Holcomb do hereby personally guarantee the payment of the above and foregoing notes along with the Pickard brothers above mentioned; but the position of W. L. Holcomb and Fannie S. Holcomb shall be that of Guarantors and endorsers only and they shall be secondarily liable and only liable in the event of default of the obligators on said notes, Anglo-American Properties, Inc., and John and Peter Sackville-Pickard; the said Pickards shall be liable as first and second endorsers while W. L. Holcomb and Fannie S. Holcomb shall occupy the position of third and fourth endorsers."

There is a dispute as to the amount due and owing on the notes, and plaintiff admits having received some payments on them since he claims he is owed

$120,840.31 on the $125,000 note and $8,000 on the $10,000 note. The principal defense raised by the Pickards, however, is usury.

The Pickards contend that the $10,000 note represents interest on the $125,000 note and is in addition to the 6% interest therein provided, and that consequently, the notes are usurious and void. New York General Obligations Law, McKinney's Consol.Laws, c, 24–A, § 5–511. They further contend that although American is a corporation (see New York General Obligations Law § 5–521 (1)), the defense of usury is available to them because they are co-makers and not endorsers or guarantors. See, e. g., Pink v. L. Kaplan, Inc., 252 App. Div. 490, 300 N.Y.S. 45 (2d Dept. 1937); Astra Pictures, Inc. v. Shapiro, 182 Misc. 19, 48 N.Y.S.2d 858 (App. Term 1st Dept.1944); see also Rosen v. Columbia Savings & Loan Ass'n, 29 Misc.2d 329, 213 N.Y.S.2d 765 (Sup.Ct. Nassau Co.1961), aff'd without opinion, 15 A.D.2d 810, 225 N.Y.S.2d 495 (2d Dept.1962).

Plaintiff contends that the $10,000 note does not represent additional interest on the $125,000 note but represents unpaid interest on the Holcomb note from April 1964 to January 15, 1966. Plaintiff also contends that the Pickards signed the notes as endorsers, not as co-makers, and consequently, cannot raise the defense of usury. See, e. g., Freilicher v. C R F General Contractors Corp., 225 N.Y.S.2d 811 (Sup.Ct.Suffolk Co. 1962); Cabrera v. Olsen, 165 Misc. 374, 300 N.Y.S. 524 (Sup.Ct.N.Y.Co.1937); Rockmore v. Epstein, 127 Misc. 526, 217 N.Y.S. 76 (Sup.Ct.Kings Co.1926).

■ The parties assumed initially that the question of whether the notes are usurious and therefore void, was governed by New York law. The court requested briefs on whether New York law was applicable, and in the briefs, plaintiff argues that Mississippi law governs, while the Pickards argue that New York law governs. In considering the defense of usury, the applicable law is the most favorable usury law of a state having a natural and significant connection with the notes. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Speare v. Consolidated Assets Corp., 367 F.2d 208 (2d Cir. 1966) (alternative holding); Hawkins v. Ringel, 231 N.Y.S. 2d 476 (Sup.Ct.Rockland Co.1962), rev'd on other grounds, 19 A.D.2d 649, 242 N.Y.S.2d 616 (2d Dept.1963); Restatement (Second), Conflict of Laws (Tentative Draft No. 6, 1960), section 334(d) and comment (d); see Fahs v. Martin, 224 F.2d 387 (5th Cir. 1955); Crylon Steel Co. v. Globus, 185 F.Supp. 757 (S.D.N.Y.1960). The Pickards cite Pioneer Credit Corp. v. Catalano, 51 Misc.2d 407, 273 N.Y.S.2d 310 (Columbia Co.Ct. 1966), aff'd, 28 A.D.2d 595, 282 N.Y.S.2d 214 (3d Dept.1967), and argue that in light of *Catalano*, Hawkins v. Ringel, supra, no longer represents the law of New York. In *Catalano*, the New York courts applied the usury law of Massachusetts which was more liberal than the law of New York and rejected the argument that Auten v. Auten, 308 N.Y. 155, 124 N.E.2d 99, 50 A.L.R.2d 246 (1954) required the application of New York law. *Catalano* did not rely upon the "most significant contacts" test of *Auten* to apply a stricter usury law than the law that would apply under Hawkins v. Ringel, supra. Accordingly, the court must follow the Second Circuit's decision in Speare v. Consolidated Assets Corp., supra, citing Hawkins v. Ringel as the law of New York.

Notwithstanding the contentions of the Pickards that they and the plaintiff negotiated and executed the notes in New York and that they delivered them to the plaintiff in New York and would have paid the plaintiff in New York, the notes arose out of business dealings in Mississippi. The underlying loan was made by plaintiff in Mississippi and was evidenced by the Holcomb note. The notes here in suit were given as a result of American's agreement to buy stock in Holcomb Co., a Mississippi corporation, from W. L. Holcomb, a resident of Mississippi. The correspondence relating to

the notes indicates that Palmer, the attorney for the Pickards in Mississippi, participated in negotiations with respect to the notes. These facts give Mississippi a natural and substantial connection with the notes.

█ In Mississippi the legal rate of interest is eight per cent for written contracts and six per cent for other contracts. If the rate of interest provided in a contract exceeds eight per cent, then all interest is forfeited, and if the rate of interest exceeds 20%, then principal as well as interest is forfeited. Mississippi Code, Section 36. In New York, the legal rate of interest is six per cent (N.Y.General Obligations Law § 5–501), and where the rate of interest exceeds six per cent, principal and interest are forfeited. N.Y.General Obligations Law § 5–511. If the $10,000 note does represent additional interest on the $125,000 note, the rate of interest on that note would nevertheless be less than 20%, so that Mississippi law would be more favorable with respect to the notes than New York law. Since Mississippi has a natural and significant connection with the notes, the law of Mississippi applies with respect to whether the notes are usurious and therefore void.

██ Applying the usury law of Mississippi, plaintiff is entitled to summary judgment, interlocutory in character, against the Pickards with respect to the amount of principal presently due on the $125,000 note, such amount to be determined at trial. Rule 56(c), (d), F.R.Civ.P.; Owens-Illinois Glass Co. v. American Coastal Lines, Inc., 222 F.Supp. 923 (S.D.N.Y.1963); Industrial Union of Marine & Shipbuilding Workers v. American Dredging Co., 202 F.Supp. 940 (E.D.Pa.1961); Harms, Inc. v. Tops Music Enterprises, Inc., 160 F.Supp. 77 (S.D.Calif.1958); Danton v. Harry Winston, Inc., 20 F.R.D. 425 (S.D.N.Y.1957); Truncale v. Blumberg, 8 F.R.D. 492 (S.D.

N.Y.1948), appeal dismissed, Truncale v. Scully, 182 F.2d 1021 (2d Cir. 1950); see also Feldman v. Birger, 205 F.Supp. 87 (D.Mass.1962). Should it be determined at trial that the $10,000 note represents additional interest, the interest on the $125,000 note and the $10,000 note would be forfeited, but plaintiff would still be entitled to recover the principal presently due on the $125,000 note. Plaintiff's motion for summary judgment with respect to interest on the $125,000 note and with respect to the $10,000 note, must be denied since there are material issues of fact which can only be resolved at trial. These include, but are not limited to, whether the $10,000 note represents additional interest on the $125,000 note or represents unpaid interest on the Holcomb note.

In view of the disposition of plaintiff's motion under Mississippi law, it is not necessary to determine whether plaintiff would be entitled to summary judgment under New York law. However, the notes, the letter of Owen T. Palmer, Esq., and the personal guarantee signed by the Holcombs all indicate that the Pickards signed the notes as endorsers and not as co-makers, although an issue of fact may be raised by John Pickard's assertion that all the defendants signed the notes as co-makers. Compare Pink v. L. Kaplan, Inc., 252 App.Div. 490, 300 N.Y.S. 45 (2d Dept.1937); Rosen v. Columbia Savings & Loan Ass'n, 29 Misc. 2d 329, 213 N.Y.S.2d 765 (Sup.Ct.Nassau Co.1961), aff'd without opinion, 15 A.D. 2d 810, 225 N.Y.S.2d 495 (2d Dept.1962).

Plaintiff's motion for summary judgment, interlocutory in character, is granted with respect to the amount of principal presently due on the $125,000 note, such amount to be determined at trial. Plaintiff's motion with respect to interest on the $125,000 note and with respect to the $10,000 note is denied.

Settle order on notice.