■ In the Matter of the Estate of EDWIN M. WALDMAN, Deceased. PHILIP K. GREENE, Respondent; LOUIS J. BEISER, Doing Business as ISBIC COMPANY, Appellant. — In a proceeding by the executor for judicial disallowance of a claim against the decedent's estate, the claimant appeals from a decree of the Surrogate's Court, Kings County, dated November 22, 1968, which granted the application. Decree reversed, on the law and the facts, with $10 costs and disbursements, payable out of the estate; petition dismissed on the merits; and claim determined to be valid and enforceable. In our opinion, it is clear that under the language of the agreement in question the decedent and others did not

" direct[ly] and unconditional·[ly] " agree to be primarily liable for the corporate debt but, rather, agreed to reimburse appellant if the corporation, of which the decedent was president, failed to repay the loans granted it under the loan agreement. The guarantee agreement, executed on the same date as the loan agreement, provided that in order to induce the claimant to enter into the loan agreement, the decedent and others " jointly and severally guarantee[d] " payment by the corporation of its obligation to repay the loans. Had the decedent intended to be primarily liable for the corporate debt, he could have signed the loan agreement in an individual capacity as well as in his capacity as president of the corporation, thereby making him a joint primary debtor (*Schwartz* v. *Fifty Greenwich St. Realty Corp.*, 265 N. Y. 443; see, also, *Cabrera* v. *Olsen*, 165 Misc. 374; *Fischer* v. *Mahland*, 191 App. Div. 209). The decedent, however, was not a comaker of the loan contract (cf. *Astra Pictures* v. *Schapiro*, 182 Misc. 19), but a guarantor who was only secondarily liable in the event of default in payment by the corporation (*General Phoenix Corp.* v. *Cabot*, 300 N. Y. 87). Accordingly, since the corporation, the primary debtor, could not rely on the defense of usury against appellant's claim (General Obligations Law, § 5-521, subd. 1), neither could the decedent, standing in the shoes of his principal (*Schwartz* v. *Fifty Greenwich St. Realty Corp.*, *supra*; *Salvin* v. *Myles Realty Co.*, 227 N. Y. 51). We are therefore of the opinion that the Surrogate was in error and that appellant has a valid claim against the decedent's estate. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.