■ BERNARD H. LA LONE, JR., et al., Respondents, v CHARLES S. GERBER et al., Appellants. — Order entered February 29,

1984, Supreme Court, New York County (Stanley S. Ostrau, J.), which, to the extent appealed from, denied defendants' motion for summary judgment, is unanimously affirmed, without costs.

We are affirming so much of the order appealed from as denied defendants' motion to dismiss the second cause of action, concerning payment due upon two promissory notes, on the ground that the notes are void as being usurious. We agree with the court below that the defense of usury is unavailable with respect to these promissory notes since the notes were given by two of the corporate defendants as well as the partnership defendant, with the former being jointly and severally liable for the obligation. (*Matter of Waldman,* 32 AD2d 780, affd 25 NY2d 677.) Because the money was loaned for the commercial business advancement of the corporations, usury is not an available defense for the corporations (*Leader v Dinkler Mgt. Corp.,* 20 NY2d 393) or defendant Gerber, the individual guarantor of the loans (*Schneider v Phelps,* 41 NY2d 238, 242). Moreover, there is no support in the record for the claim that the corporations were "surreptitiously" named as comakers on the notes.

We write only to make clear the extent of our affirmance. That part of the lower court's decision, apparently not embodied in the order, which appears to reject the additional claim that the consultant agreement between the partnership and Blackridge Service Corp. constitutes usurious interest remains open and awaits the adequacy of the proof at trial. In other words, usury is clearly a defense available to the partnership, notwithstanding attempted rebates, if the consultant agreement can be shown to constitute interest. (Cf. *Kuklis v Treister,* 83 AD2d 545; *Crawford v Carlton,* 73 AD2d 530, 531.) Concur — Carro, J. P., Bloom, Fein, Milonas and Kassal, JJ.