■ RAM INDUSTRIAL, Appellant, v. JOAN G. VAN DE MAELE, Respondent. — Appeal from order entered on June 22, 1962 unanimously dismissed, without costs. No opinion. Order, entered on November 13, 1962 insofar as it denies plaintiff's motion for summary judgment, unanimously reversed on the law, with $20 costs and disbursements to appellant; judgment directed in favor of plaintiff against the defendant Van de Maele for $25,001.40, with interest from April 25, 1962, together with taxable costs; and alleged cause of action against Berman and cross claim against him severed. The action was brought upon a note in the sum of $25,000, payable to one Berman and indorsed to plaintiff. The defendant's answer alleges that the note was delivered to one Berk "solely for the purpose of enabling the said Berk to raise a loan in behalf of the said defendant by negotiating the said note to

a lender"; and that "he was specifically instructed that the note was not to be delivered to the payee therein named, the defendant Milton Berman, or to any other party, without prior approval and authorization of the defendant Van de Maele"; that, in direct violation of said instructions and without her approval, Berk delivered the note to Berman; and that she received no sum of money or other consideration for said note. It clearly appears, however, from the affidavits submitted on the motion and on the renewal of the motion that there is no merit to defendant's denials and her alleged defense of conditional delivery and lack of consideration. The defendant's affidavits are principally argumentative in nature and, so far as the facts are concerned, are mainly directed to showing a dispute in nonvital matters. They do not set forth facts indicating the existence of any genuine issue with respect to plaintiff's allegations that the defendant's note, negotiable in form and the estoppel certificate were made by the defendant and unconditionally delivered with her authority to the plaintiff for value. The note sued upon, in the amount of $25,000 is dated October 25, 1961, and payable six months after date. The defendant alleges that she originally executed a note in said amount, dated on said day, payable to one O'Connor, her business associate, with the intent that he should negotiate it in her behalf; that he was unsuccessful and that then a third party, Berk, represented to O'Connor and the defendant that he [Berk] might be able to obtain the discount of the note through one Berman; that at a meeting on February 2, 1962, at Berman's office with plaintiff's attorney, Kooper, also attended by O'Connor, Berk, Berman and the defendant, Kooper refused this note of October 25, 1961 originally made payable to O'Connor and instead demanded that the plaintiff execute a new note payable to Berman and an estoppel certificate; that then and there Kooper drew the note in issue, dated it back to October 25, 1961, and also drew the estoppel agreement; that she executed the note and estoppel certificate but no consideration was paid to her; and that the note and estoppel certificate were later delivered to the plaintiff without her authority. On the basis of these allegations, the defendant contends that there is an issue of fact as to whether or not the plaintiff relied upon the estoppel certificate (see *Eaton* v. *Laurel Delicatessen Corp.*, 5 A D 2d 590, affd. 5 N Y 2d 1029) and that, in any event, the defense of lack of consideration is available as against the plaintiff because his attorney, Kooper, had knowledge of all of these alleged facts and circumstances. These allegations of the defendant are, however, conclusively refuted by the documentary proof. The plaintiff, on the renewal of the motion, produced photostatic copies of three other and unrelated notes and another and unrelated estoppel certificate all purportedly executed by the defendant. She does not deny the execution of these other instruments, and the similarities between the same and the note sued upon, as to wording and nature of type used, indicated that all of the same were prepared in the same manner and with the use of the same typewriter. On the other hand, it clearly appears that another and different typewriter was used in typing the wording for Berman's indorsement placed on the note in suit and in typing the estoppel certificate delivered to plaintiff. Kooper prepared such indorsement and the estoppel certificate but it is not claimed that Kooper prepared any of these other notes and the other estoppel certificates. If, as alleged by defendant, Kooper prepared the note in suit on February 2, 1962 in Berman's office, there is no explanation of how it would have been possible for him to have then used the same typewriter that was used in preparing defendant's other notes and the other estoppel certificate, or why he would

have occasion then to use another and different typewriter to prepare the indorsement on plaintiff's note and to make the insertions in the estoppel certificate delivered to plaintiff. So, these particular allegations of defendant as to circumstances surrounding the preparation of the note must be rejected as contrary to the irrefutable documentary proof. Furthermore, it appears from defendant's affidavits that she did confer upon Berk the authority to unconditionally deliver the note and estoppel certificate to Berman for purposes of negotiation to plaintiff. Admittedly the defendant executed the note and also the estoppel certificate, and it appears from the affidavit of her associate O'Connor that the parties were negotiating with Berman with the view to his discounting the note with a third party. It is further averred in said affidavit that, after the first meeting with Berman and plaintiff's attorney, Kooper (at which meeting defendant alleges that Kooper prepared the note), and following a failure in an attempt thereafter to interest Mint Factors in the discounting of the note, O'Connor, Berk and the defendant, all being in Mr. Berk's car, decided to " return to Mr. Berman's office to see whether or not we could make a better deal, that is, obtain more than the sum of $15,000.00 for the discount of the note "; that O'Connor. " offered to accompany Mr. Berk to the office of * * * Berman but he stated that would not be necessary "; that the note and estoppel certificate were then delivered to Berk; and that " The defendant Van de Maele, Mr. Berk's driver and I [O'Connor] remained in the car for approximately four hours for Mr. Berk's return." Thus, on O'Connor's affidavit, submitted by the defendant, it appears that the defendant intended that the note be negotiated and the estoppel certificate be delivered to Berman on the obtaining through him of a better deal than the $15,000; and there is no contradiction of the plaintiff's allegations that he paid $22,500 to Berman for the note. In any event, the defendant does not successfully challenge plaintiff's rights as a holder in due course. Plaintiff has conclusively established that it paid $22,500 for the note on faith of its status as commercial paper and on faith of the estoppel certificate; and its rights are not to be defeated by allegations of plaintiff designed to create an aura of suspicion. " Suspicious circumstances alone do not constitute notice of an infirmity or defect in the instrument sufficient to constitute bad faith and destroy the status of a holder in due course (Negotiable Instruments Law, § 95) ". (*Overseas Credit Corp.* v. *Cal-Tech Systems,* 20 A D 2d 355, 358.) The defenses which the defendant seeks to raise are not available against plaintiff as a due course holder. (See Negotiable Instruments Law, § 54.) Even if, as claimed by defendant, she was defrauded by the actions of Berk and Berman, the alleged fraud is of such nature that it would not be a defense against the plaintiff as a holder in due course. (Negotiable Instruments Law, §§ 94, 96.) Finally, it does not appear that the plaintiff was a party to or knew of the fraud, and as between two innocent victims, the defendant " ' who made possible the fraud ' * * * should bear the loss." (*Hall* v. *Bank of Blasdell,* 306 N. Y. 336, 345.) Settle order on notice. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.