■ EDWARD M. KUKLIS et al., Appellants, v MELVIN TREISTER et al., Defendants-Respondents and Third-Party Plaintiffs. RICHARDS, GANLY, FRIES & PREUSCH et al., Third-Party Defendants. — Judgment, Supreme Court, New York County (Blangiardo, J.), entered December 29, 1980, dismissing the complaint on the merits on motion at the close of plaintiffs' case during trial, and order entered on January 6, 1981, denying motion to set aside said judgment, are unanimously affirmed, with costs. It is clear that if this was a loan to the individual defendants, it was usurious and unenforceable; if to the corporation, it was enforceable and not usurious. On the undisputed facts of this case, the only permissible inference was that this was a loan to the individuals. Plaintiffs say the loan was part of a recapitalization plan for the corporation. It remains true that this recapitalization was made by loans from plaintiffs to the individual defendants, and from the latter to the corporation.

The form of the transactions is consistent only with this view of the transaction. The loan was made by checks to the individual defendants in separate amounts proportional to the stockholdings of these defendants in the corporation. If this was a loan to the corporation, we cannot see why the checks were payable to the individuals; why they were in different amounts to each individual; and why those amounts were proportional to the individuals' stockholdings. The corporation issued not one note payable to the plaintiffs but two notes, one to each individual defendant in proportion to the individual's stockholdings (and the amounts turned over or paid in by each individual). Interest was paid by the corporation to each of the individuals in the amounts called for by their respective notes. Plaintiffs' dealings were with the individual defendants and not the corporation. Each individual defendant indorsed and transferred his respective note to plaintiffs, and each defendant paid over to the plaintiffs by that defendant's individual checks the amount of interest on his respective note. The books of the corporation, under the control of plaintiffs' agent, showed the corporation's obligation on these notes as "LOANS FROM OFFICERS," i.e., from the individual defendants not plaintiffs. When a transaction is truly an illegal, usurious loan, there is obviously a motivation to disguise it to look like a legal nonusurious transaction; and thus the fact that the transaction is in form legal and nonusurious will not prevent courts from examining the transaction to see whether the true nature of the transaction is not what its form indicates. But when a loan is truly legal and nonusurious, there is no motivation to disguise it to look like an illegal, usurious loan. Thus there is no basis on which a jury could reasonably find that the transaction was other than what its form and documents indicate it to be — a loan from plaintiffs to the individuals (and a loan by them to the corporation). Concur — Sandler, J. P., Carro, Silverman and Bloom, JJ.