■ JUDITH ARSLANIAN, Appellant, and RICHARD ARSLANIAN, Respondent, v VOLKSWAGEN OF AMERICA, INC., et al., Respondents, and RALPH OLDSMOBILE et al., Appellants, et al., Defendants. (Action No. 1.) CHARLES J. DI STASIO, Respondent, v LONG ISLAND BUTTER AND EGG Co. et al., Appellants. (Action No. 2.) RAQUEL E. MEYER et al., Respondents, v CHARLES DI STASIO, Respondent, and RALPH OLDSMOBILE et al., Appellants. (Action No. 3.) JOHN DUBIN et al., Respondents, v CHARLES J. DI STASIO et al., Respondents, and RALPH OLDSMOBILE et al., Appellants. (Action No. 4.) JOHN DUBIN et al., Respondents, v VOLKSWAGEN OF AMERICA, INC., et al., Respondents. (Action No. 5.)—In actions to recover damages for personal injuries, etc., Judith Arslanian, Long Island Butter and Egg Co., Ralph Oldsmobile, and Ralph Olds Leasing Corp., separately appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated September 23, 1985, as "adversely affect[s]" their respective interests.

Appeals dismissed, without costs or disbursements. The stay contained in the order of this court dated October 21, 1985, is hereby vacated.

The appeals are dismissed because the order appealed from did not decide a motion made on notice, and hence, is not appealable as of right (CPLR 5701 [a] [2]). An appeal as of right to the Appellate Division may be taken only from a final or interlocutory judgment (CPLR 5701 [a] [1]), or from an order deciding a motion made upon notice (CPLR 5701 [a] [2]; *see, Cohalan v Johnson Elec. Constr. Corp.*, 105 AD2d 770). In light of this disposition, we do not pass on the merits of the arguments raised by the appellants. Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.

■ BLUE RIDGE BUSINESS BROKERS, INC., Appellant, v ROS-MAR CLUB, INC., et al., Defendants, and ROSALIND HERSTEIN, Also Known as ROSALIND HIRSCH et al., Respondents.—Motion

by the defendants Rosalind and Morris Herstein, *inter alia,* for reargument of an appeal from an order of the Supreme Court, Westchester County (Green, J.), dated September 13, 1984, which was determined by an order of this court dated April 21, 1986.

Motion granted to the extent that reargument is granted, and upon reargument, this court's order and decision slip, both dated April 21, 1986 are recalled and vacated and the following decision is substituted:

"In an action to recover on promissory notes and guarantees, the plaintiff appeals from an order of the Supreme Court, Westchester County (Green, J.), dated September 13, 1984, which denied its motion for summary judgment against the defendants Rosalind and Morris Herstein.

"Order reversed, on the law, with costs, motion granted, and counterclaims dismissed.

"On or about November 6, 1978, the defendant Ros-Mar Club, Inc., executed and delivered to the plaintiff Blue Ridge Business Brokers, Inc., a series of promissory notes, all of which contained acceleration clauses, and which were to be due and payable between May 6, 1980, and November 6, 1983, in consideration of the plaintiff's services as a broker in the defendant Ros-Mar's purchase of a restaurant. These notes were all guaranteed by the four individual defendants. Upon default, the plaintiff commenced the instant action against Ros-Mar and the guarantors. The individual guarantors answered, *inter alia,* raising as counterclaims that the plaintiff had fraudulently induced the purchase of the restaurant by presenting false 'information, projections, account information, accountings, costs and financial information'.

"The plaintiff thereafter moved for summary judgment, setting forth the notes and the guarantees and alleging default. The respondents denied none of these facts, but in their opposition papers, *inter alia,* reiterated the same general, unspecific allegations of fraud in the inducement that they had raised in the counterclaims asserted in their answer, without any factual elaboration, and without any evidentiary support.

"We find on this record that the plaintiff was entitled to summary judgment. In order to defeat the motion for summary judgment, the respondents were required to present more than vague and conclusory allegations of fraud in the inducement *(see, e.g., Hogan & Co. v Saturn Mgt.,* 78 AD2d 837; *F. A. Crossman, Inc. v Weeks Auto Supply Center,* 98

AD2d 964; *State Bank v McAuliffe*, 97 AD2d 607, *appeal dismissed* 61 NY2d 758). Here, the respondents' unsupported and general allegations did not raise any issue of fact sufficient to withstand summary judgment *(cf. Piccolo v De Carlo,* 90 AD2d 609, 610)." Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.