■ BRASS RAIL, INC., Appellant, v LAKEVILLE, INC., Respondent.—In an action on several promissory notes, brought by way of a motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Cohen, J.), entered March 21, 1985, which denied its motion on a finding that a prima facie case had not been made out because it was not shown that the notes had been presented for payment, as required, and that such payment had been refused, and (2) as limited by its brief, from so much of an order of the same court, entered October 3, 1985, as, upon granting renewal of its motion for summary judgment, adhered to the original

determination denying such relief because a question of fact as to fraud in the inducement was shown to exist.

Appeal from order entered March 21, 1985 dismissed. That order was superseded by the order entered October 3, 1985, made upon renewal.

Order entered October 3, 1985, reversed insofar as appealed from, on the law, order entered March 21, 1985 vacated, and motion granted.

The plaintiff is awarded one bill of costs.

The fraud alleged by the defendant is unrelated to the transaction in connection with which the notes sued upon were given. Any guarantee allegedly given regarding the operability of the septic system could not be given by the plaintiff, and if it was, should not have been relied upon by the defendant as the plaintiff was obviously not in a position to offer such a guarantee. Moreover, although the plaintiff established a prima facie case, the defendant's unsupported and general allegations of fraud in the inducement without factual elaboration or evidentiary support did not raise any issues of fact sufficient to withstand summary judgment (see, Blue Ridge Business Brokers v Ros-Mar Club, 121 AD2d 492). Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.