PGA MARKETING LTD., Respondent, v WINDSOR PLUMBING SUPPLY, INC., Appellant.

The plaintiff sought to enforce two promissory notes which were executed in partial payment for plumbing supplies which it sold to the defendant. In defense to the plaintiff's action, the defendant argued, *inter alia,* that some of the goods ordered were not delivered, that other goods delivered were of second-grade quality or were discontinued materials, and that the plaintiff did not bill the goods at the discounted prices to which they had agreed. The defendant also asserted the defense of fraud, claiming that the plaintiff induced it to execute the notes by assuring it that it would rectify any mistaken shipments and by promising that it would not

enforce the notes and would return them if it procured letters of credit for the amount of the notes by the due dates of the notes *(see,* UCC art 5).

The defendant's contentions could serve as the basis for a claim of breach of contract or breach of warranty. However, the promissory notes contained explicit waivers of the right to assert any defense, offset or counterclaim against the notes. While the waiver would not preclude a defense of fraud, the evidence in the record, taken most favorably to the defendant, does not support a claim of active intentional conduct required to support a fraud defense and is too vague to withstand a motion for summary judgment *(see, Chiat/Day v Kalimian,* 105 AD2d 94; *Blue Ridge Business Brokers v Ros-Mar Club,* 121 AD2d 492; *see also,* UCC 3-307 [2]; CPLR 3212 [b]).

We find no merit to the defendant's argument that the notes were conditional and to be held "in escrow". The only event that could have barred enforcement of the notes was the tender by the defendant of the letters of credit to which the plaintiff had been entitled by the due dates. The defendant never tendered such letters of credit. The fact that the plaintiff sent one of the notes to its bank two days prior to the due date did not constitute a breach of any conditions and does not excuse the defendant's subsequent failure to tender the letters of credit, since the bank did not actually present the note for collection until after the due date.

We have considered the parties' remaining arguments and have found them to be either academic or without merit. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.