PGA MARKETING LTD., Respondent, v WINDSOR PLUMBING SUPPLY, INC., Appellant. (Action No. 1.) GOVERNALE BROS., INC., et al., Appellants, v PGA MARKETING LTD., et al., Respondents. (Action No. 2.)

The appellants have failed to demonstrate that their defense of fraud has merit *(see, PGA Mktg. v Windsor Plumbing Supply,* 124 AD2d 576). Their remaining defenses sound in breach of contract and concern the underlying contract dispute. Such defenses do not bar payment of a letter of credit, as long as the letter of credit is valid on its face and any required documents conform to the requirements, if any, in the letter of credit *(see,* UCC 5-114; *United Bank v Cambridge Sporting Goods Corp.,* 41 NY2d 254; White and Summers, Uniform Commercial Code §§ 18-1, 18-6 [2d ed 1980]).

The appellants also asserted as a basis for a claim of fraud that a third party had a lien on PGA's personal property at the time PGA sold the inventory to the appellants. The appellants have failed to demonstrate that the presence of any such lien has or will adversely affect Windsor's rights to any of the inventory purchased.

The appellants also failed to demonstrate that they would suffer irreparable harm or that the balance of equities favored the granting of the preliminary injunction *(see,* CPLR 6301; *Albini v Solork Assoc.,* 37 AD2d 835). Denial of their motion for a preliminary injunction was therefore appropriate. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.