■ In the Matter of the Estate of FANNY BURACK, Deceased. DOROTHY JAFFE, Appellant; ZAHAVA BURACK, Respondent.—In a proceeding seeking a construction of the will of the testatrix Fanny Burack concerning the disposition of her property, the petitioner appeals from (1) an order of the Surrogate's Court, Westchester County (Brewster, S.), entered October 1, 1987, which denied her motion to revoke certain powers granted by codicil of the will to Daniel Cole and to set aside findings made by him, and (2), as limited by her brief, from so much of an order of the same court, entered June 28, 1988, as denied her motion to "renew or reargue" her prior motion.

Ordered that the appeal from the order entered June 28, 1988 is dismissed; and it is further,

Ordered that the order entered October 1, 1987 is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by Dorothy Jaffe personally.

The instant appeal arises out of a proceeding commenced to obtain a judicial determination that the petitioner, Dorothy Jaffe, is entitled to receive one third of the residuary estate of her deceased mother, Fanny Burack.

On August 17, 1983, Fanny Burack died leaving a will dated February 21, 1974, and a codicil dated March 7, 1974. In December of 1983 the will and codicil were admitted to probate and letters testamentary were granted to the petitioner's brothers, the respondent Robert Burack, and Abraham Burack.

Significant to the instant proceeding is paragraph "FIFTH" of the testatrix's will which divided her residuary estate in six equal parts. One sixth was given outright to each of Abraham Burack's two children and two sixths were bequeathed to Robert Burack.

The final two sixths of the residuary estate, which forms the basis of this litigation, was to be divided in accordance with the following will provisions:

"4. The remaining two sixths shall be given to my son ROBERT H. BURACK only if it can be shown in the sole discretion of my son ABRAHAM W. BURACK either by sworn testimony or by affidavit, that in his opinion my son-in-law SOLOMON JAFFE has not completed transferring to ROBERT H. BURACK all assets held in SOLOMON JAFFE name which in reality belong to ROBERT H. BURACK.

"5. If such reconveyance by SOLOMON JAFFE to my son ROBERT H. BURACK is fully completed within sixty days after my death then the remaining two-sixths shall be given to my daughter DOROTHY JAFFE instead of to ROBERT H. BURACK."

On March 7, 1974, Fanny Burack executed the following codicil to her will: "WHEREAS by said Will I give my son, ABRAHAM W. BURACK, sole discretion to determine whether my son-in-law, SOLOMON JAFFE has returned all assets in his name belonging to my son ROBERT H. BURACK, I now designate my friend DANIEL COLE, residing in Harrison, New York the sole discretion to make the determination which I gave to my son ABRAHAM BURACK by said Will."

Identical clauses were contained in the will and codicil of Israel Burack, the testatrix's husband, who died in 1974. Following Israel Burack's death, Abraham and Robert Burack sought to have his will admitted to probate. Dorothy Jaffe filed objections to its admission contesting those parts of the will which concerned the reconveyance of certain properties from Solomon Jaffe to Robert Burack.

Dorothy Jaffe also contested the designation of Daniel Cole in the codicil, to determine whether the reconveyance had in fact taken place.

By stipulation of settlement dated December 6, 1976, Dorothy Jaffe agreed to withdraw her objections to the probate of her father's will. In satisfaction of the dispute Robert Burack paid Solomon Jaffe a sum certain and in exchange received certain transfers of property. The stipulation specifically excluded a parcel of real property located in Cortlandt, New York (hereinafter the Cortlandt property). The stipulation addressed the status of this property as follows:

"Your Honor, there is specifically one item of realty with which this stipulation does not deal and that property is a piece of property located on Route 202 in Cortlandt, New York

on Crompound Road, and any matters relating to that specific Cortlandt property are not dealt with in the stipulation.

"The parties are free hereafter to pursue whatever remedies they deem appropriate with respect to the ownership and/or disposition of that property."

The Cortlandt property was once owned by Robert Burack but thereafter was transferred out of his name and, by virtue of a series of conveyances, Solomon Jaffe became a titleholder in the property.

After the death of Fanny Burack and the admission of her will to probate, Daniel Cole, in accordance with the authority vested in him pursuant to the codicil, rendered the following finding dated May 10, 1984: "2. In my opinion, as of October 16, 1983 Solomon Jaffe had not completed transferring to Robert H. Burack all assets held in Solomon Jaffe's name which in reality belong to Robert H. Burack."

Consequently, Dorothy Jaffe was denied her contingent right to two sixths of Fanny Burack's estate.

On or about December 7, 1984, Dorothy Jaffe petitioned the Surrogate's Court, Westchester County, for a determination as to whether she was entitled to her share of Fanny Burack's residuary estate. In a supplemental petition dated August 21, 1985, the petitioner reiterated her prior position and further alleged that Daniel Cole had not questioned her or Solomon Jaffe as to whether Solomon Jaffe had reconveyed to Robert Burack the assets referred to in Fanny Burack's will.

In a decision dated January 30, 1986, Surrogate Brewster, concluding that Cole's May 10, 1984 affidavit failed to identify the evidence considered by him in reaching his conclusion, directed Cole to furnish a detailed report to the executors setting forth the evidence upon which his conclusion was based. An order dated March 6, 1986 was entered in accordance with the court's determination.

By affidavit dated March 14, 1986, Daniel Cole accepted the authority granted to him under the will and codicil and directed the parties to submit evidence supportive of their respective positions. Thereafter, numerous exhibits and affidavits were submitted to Cole by the parties. In his second finding, dated July 16, 1986, Cole listed the various documents received and repeated his conclusion that Solomon Jaffe had not completed the reconveyance of assets to Robert Burack in accordance with Fanny Burack's will.

The petitioner, dissatisfied with Cole's second finding, moved to set it aside and to revoke his power.

In a decision dated April 15, 1987, the court held the petitioner's motion in abeyance pending the receipt of a supplemental report from Cole containing a more in-depth analysis of the facts and evidence supporting his conclusion.

On or about May 7, 1987, Cole issued extensive supplemental findings pursuant to the order of the Surrogate's Court. Holding fast to his original finding that Dorothy Jaffe was not entitled to her contingent legacy under Fanny Burack's will, Cole concluded, in sum, that the Cortlandt property "in reality" was owned by Robert Burack and that Solomon Jaffe had not reconveyed Burack's interest in the property pursuant to the terms of Fanny Burack's will.

The petitioner then moved to set aside Cole's third set of findings and again moved to revoke his power.

In a decision dated August 25, 1987, the court denied the motion and accepted Cole's findings. The Surrogate rejected the claims of bad faith, dishonesty, fraud, etc., lodged against Cole, concluding that: "[n]one of the accusations have any basis in fact and no evidence is presented to sustain any of them. Cole's relationship of a business partner with the Buracks in business enterprises does not create a disqualifying conflict of interest. He claims no part of their property. It is probable that his previous business dealings with the Buracks influenced the testatrix (and her husband) to select Cole as the person to make the decision in any disagreement between her children and gave him 'sole discretion to make the determination' ".

An order dated October 1, 1987 was entered in accordance with the Surrogate's decision. The petitioner now appeals from that order.

On or about April 4, 1988, the petitioner moved for leave to "renew or reargue" the motion to set aside Cole's findings.

In support of the motion to renew, the petitioner submitted, as "additional new evidence", the affidavits of David Gilberg, Esq.

In a decision dated June 8, 1988, the court denied the petitioner's motion to renew and/or reargue concluding, *inter alia*, that the motion to renew must be denied since Gilberg's affidavits contained information known or available to the petitioner at the time the motion to set aside the findings and remove Cole was made to the court. The court also found that no reasonable excuse had been offered for the delay in submitting this evidence. On June 28, 1988, an order was entered in accordance with the court's decision. The petitioner also ap-

peals from this order. However, since the petitioner failed to proffer a reasonable excuse as to why the evidence in Gilberg's affidavits was not submitted with the original application, the motion, although denominated by the petitioner as a motion to "renew or reargue", was in effect a motion to reargue *(see, Brann v City of New York,* 96 AD2d 923). Since no appeal lies from an order denying reargument, the appeal from this order must be dismissed.

Moreover, we hold that the order entered October 1, 1987 must be affirmed.

Initially we conclude that the disinheritance of the petitioner was not contrary to the intent of Fanny Burack as set forth in her will.

As a rule a person possessing testamentary capacity can dispose of property to any person in any manner and for any object or purpose so long as the disposition is not illegal or against public policy *(see, Matter of Walker,* 64 NY2d 354, 357-358). "[C]ourts will not create a new will to carry out some supposed but unexpressed purpose, but will instead implement the testator's intent as he has manifested it in the language of the will" *(Matter of Lezotte,* 108 AD2d 1052, 1053).

Guided by these tenets and based upon our review of the testatrix's will, we conclude that the subject clauses are clear in that the petitioner's two-sixth share of the residuary estate was contingent upon the timely transfer by Solomon Jaffe of property owned by Robert Burack. Thus, Cole acted in accordance with the power vested in him by the codicil by determining that Robert Burack's interest in the Cortlandt property had not been reconveyed by Solomon Jaffe and therefore Dorothy Jaffe was not entitled to her contingent legacy pursuant to Fanny Burack's will. Contrary to the argument that Fanny Burack intended to treat Abraham Burack's children, Robert Burack and Dorothy Jaffe equally and was merely using the contingency clause to "nudge" Solomon Jaffe into reconveying the property to Burack, the will is clear and unambiguous and consequently must be carried out in accordance with the intent of the testatrix.

Thus, neither Cole, nor the Surrogate in reviewing Cole's findings, acted contrary to the intent of the testatrix in denying the petitioner her right to a share of the residuary estate.

Further, we reject the petitioner's argument that Cole's findings were improper and constituted a breach of his fiduciary responsibility. The conclusion that the petitioner is not

entitled to her legacy is well supported by the record and therefore should not be disturbed. As correctly found by the Surrogate, none of the accusations of wrongdoing on the part of Cole can be sustained upon the evidence in the record.

We also hold that the stipulation of settlement in the estate of Israel Burack does not vitiate Robert Burack's right to the reconveyance of his interest in the Cortlandt property. Our reading of the stipulation indicates that the Cortlandt property was not governed by its terms and was left open to future claims by the parties. As a result, Solomon Jaffe's failure to reconvey Robert Burack's interest in the property could properly serve as a basis for denying the petitioner her share of Fanny Burack's residuary estate. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.