■ SAVERNA MOODY, Appellant, v JOSE M. BURGOS et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Lonschein, J.), dated January 25, 1988, which denied her motion to vacate her default in appearing at a preliminary conference, and (2) from an order of the same court, dated April 26, 1988, which, in effect, denied her motion for reargument.

Ordered that the order dated January 25, 1988 is affirmed; and it is further,

Ordered that the appeal from the order dated April 26, 1988 is dismissed, as no appeal lies from the denial of a motion for reargument; and it is further,

Ordered that the respondents are awarded one bill of costs.

On June 24, 1987, a preliminary conference was held in this case. The plaintiff failed to appear, either personally or by an attorney. The court dismissed her action. In a separate order, a pending motion to dismiss the complaint was then denied on the basis that the motion to dismiss was "moot [the plaintiff's] action having been dismissed by order of the court at [the] preliminary conference held on June 24, 1987".

It is not absolutely clear whether the purported order dismissing the complaint issued by the court at the conference

held on June 24, 1987 was based on a prior motion made on notice *(see,* CPLR 5701 [a] [2]; *Greenfield v Greenfield,* 147 AD2d 440; *Arslanian v Volkswagen of Am.,* 121 AD2d 492; *Cohalan v Johnson Elec. Constr. Corp.,* 105 AD2d 770; *Everitt v Health Maintenance Center,* 86 AD2d 224). It is also unclear whether the dismissal was merely oral, or whether it was embodied in a written document signed by the Judge *(see,* CPLR 2219 [a]; *Blaine v Meyer,* 126 AD2d 508; *Ojeda v Metropolitan Playhouse,* 120 AD2d 717). Further, the purported order was entered upon the plaintiff's default. Thus, the plaintiff had no right to appeal from the purported order dismissing the complaint, and the defendants' contention that the plaintiff's failure to appeal from that purported order precluded the Supreme Court from entertaining her subsequent motion to vacate her default in appearing at the preliminary conference is without merit.

The Supreme Court properly exercised its discretion by denying the plaintiff's motion to vacate her default in appearing at the preliminary conference. It appears from a review of the papers submitted in connection with that motion that the plaintiff not only failed to appear at the conference held on June 24, 1987, but that she also failed to appear at two prior court-ordered depositions. The excuses offered in support of these several defaults were vague and contradictory, and no adequate affidavit of merit was produced. Under these circumstances, her motion was properly denied *(see,* CPLR 3126; *see, Walk & Smile v 2491 Atl. Ave. Corp.,* 150 AD2d 366).

The plaintiff's second motion presented certain additional evidence, but no excuse was offered as to why the additional material could not have been submitted earlier. Thus, that motion was, in effect, a motion for reargument, the denial of which is not appealable *(see, Matter of Bosco,* 141 AD2d 639, 640). Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.