FIRST DEPARTMENT, FEBRUARY, 1990

(February 1, 1990)

■ MORTON PERLSTEIN, Appellant, v KULLBERG AMATO PICACONE/ABP, INC., et al., Respondents.—

Plaintiff-appellant Perlstein was retained by defendants Kullberg Amato to produce certain VHS cassette tapes. Perlstein duly produced 414 videocassette "proofs" which were shipped, pursuant to defendants' instructions, to a Virginia distributor. The distributor was, in turn, to forward the videocassette tapes to certain hospitals which were clients of defendants.

Defendants failed to pay plaintiff's $60,000 invoice; instead defendants requested plaintiff do additional work to that already performed and convert the "proofs" to a higher quality, suitable for network broadcasting. This plaintiff refused to do, in light of defendants' nonpayment.

Plaintiff received a partial cash payment and, on January 5, 1989, defendants Kullberg Amato and ABP, Inc. issued a promissory note in the sum of $30,485.71. The note contained an acceleration clause regarding the three installments, and further provided that "[t]he liability of the Makers hereunder [who jointly and severally promised to make the payments] shall not be subject to any offset, defense or counterclaim."

Defendants failed to make the first payment. Plaintiff then

commenced the within action by motion for summary judgment in lieu of complaint in Civil Court, New York County. Defendants opposed, asserting in conclusory terms that plaintiff had made material misrepresentations as to the quality of the videocassettes. Defendants further noted that the action, which exceeded $25,000, was not within the subject matter jurisdiction of Civil Court. Plaintiff replied that defendants had failed to establish that the quality complaint regarding the "proofs" sent had any relation to the promissory note, and in any event, that the terms of the promissory note barred assertion of any defenses, including defective merchandise or lack of consideration.

Civil Court denied plaintiff's motion, finding that there "is a question of fact as to consideration for the promissory note" and that the action was subject to dismissal for lack of subject matter jurisdiction because the amount sought exceeded the monetary limit of Civil Court. The parties stipulated to remove the action to Supreme Court and to have the order of Civil Court be deemed an order of the Supreme Court. On May 8, 1989 Supreme Court signed an order to this effect.

Plaintiff now appeals, arguing that defendants' waiver of any offsets, defenses or counterclaims should bar them from asserting failure of consideration as a defense.* We agree. While defendants' claim could perhaps serve as the basis of a breach of contract action, the waivers contained in the promissory note bar defendants from asserting the alleged failure of consideration to avoid summary judgment for failure to make payments under the promissory note. *(Bank of Suffolk County v Kite,* 49 NY2d 827, 828 [1980]; *PGA Mktg. v Windsor Plumbing Supply,* 124 AD2d 576, 577 [2d Dept 1986].) Therefore, defendants, if there is any substance to their claim, are not without remedy, but the remedy does not lie in the instant action.

Upon our review of the record, we believe that, in any event, the note relates to payment for an antecedent obligation. Thus, under UCC 3-408, plaintiff would nevertheless prevail. Concur—Murphy, P. J., Carro, Kassal and Rosenberger, JJ.

---

* Defendants have failed to file a respondents' brief on this appeal.