■ BARON SHOPSIN, Plaintiff, and BARBRO SHOPSIN, Appellant, v LEON GRAY, Respondent.—In an action, inter alia, for a judgment declaring that the plaintiff Barbro Shopsin is entitled to a one-half interest in certain real property, Barbro Shopsin appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), entered June 12, 1990, which (1) treated her motion, denominated as one for leave to renew, as one for leave to reargue, and denied leave to reargue, and (2) denied her motion for leave to serve an amended complaint.

Ordered that the appeal from so much of the order as denied leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The court did not improvidently exercise its discretion in deeming the motion of the plaintiff Barbro Shopsin for leave to renew as one for leave to reargue, as the plaintiff did not present any new evidence which had not been before the court at the time of the original motion *(see, Hantz v Fishman,* 155 AD2d 415; *Weisse v Kamhi,* 129 AD2d 698; *see also, Moody v Burgos,* 151 AD2d 555; *Matter of Burack,* 150 AD2d 568, 571-572).

The court also did not improvidently exercise its discretion in denying the appellant leave to amend the complaint to assert a new theory of recovery more than three years after the commencement of the action *(cf., Fahey v County of Ontario,* 44 NY2d 934) and after summary judgment had been granted to the defendant. Mangano, P. J., Harwood, Balletta and Eiber, JJ., concur.