■ KEESEVILLE NATIONAL BANK, Respondent, v KRISHAN G. GULATI, Appellant. [599 NYS2d 175] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered October 10, 1992 in Clinton County, which granted plaintiff's motion for summary judgment in lieu of complaint.

In this action to recover on a promissory note, plaintiff's motion for summary judgment in lieu of complaint was supported by the affidavit of its vice-president, copies of three promissory notes payable to plaintiff and signed by defendant (two of which were renewals of the initial obligation, which was in the principal amount of $48,000), and an affidavit substantiating its demand for counsel fees. Defendant admits having signed the notes "in blank," that is, before the amount and other particulars were filled in, but avers that he never intended to borrow any money; that he had only agreed to sign as "collateral" for a loan to be taken out by his then attorney; that he believed that he would be required to appear at the bank before any loan was actually made; and that he never received any of the loan funds which were the stated consideration for the note. Defendant also acknowledges, however, that he was aware that the purpose of his signature was to assist the attorney in obtaining a loan of approximately $50,000.

The attorney presented the original note, which he had apparently completed after obtaining defendant's signature, to plaintiff in exchange for a cashier's check in the amount of $48,000, made payable to the order of defendant. The attorney subsequently endorsed the check and deposited the funds in his own account at plaintiff's bank. On two subsequent occasions when defendant's obligation came due, the attorney apparently again presented him with a blank form, obtained his signature, and then filled in the form as a renewal of the original obligation. These renewal notes were accepted by plaintiff in satisfaction of the previous debts, and it is the second renewal note on which recovery is sought. In a supple-

mental answering affidavit, defendant concedes that he received at least one renewal notice from the bank, although he claims that it did not indicate that he had borrowed any money or was an obligor on a note.

Supreme Court found that defendant's submissions failed to raise any issue of material fact as to his liability, and granted plaintiff's motion. Defendant appeals.

Defendant's contention, that recovery should be barred because his signatures were obtained by fraud, is unconvincing. Notably, he does not point to any specific misrepresentation made by the attorney who induced him to sign the notes. And, in view of the fact that each of the preprinted forms was clearly labeled "promissory note" and contained unambiguous language evidencing its purpose, he could not have reasonably relied on any representation to the contrary. According to defendant's affidavit, his attorney merely asked him to guarantee the loan, or to sign "as a collateral signature"; despite this, defendant incongruously and inexplicably signed as a "borrower" even though separate lines for "guarantor" signatures were present on the forms.

Furthermore, defendant, an undeniably literate and intelligent surgeon, is manifestly capable of comprehending the language of a document such as the notes at issue *(see, State Bank v Roarke,* 91 AD2d 1093, 1095). If he did not read them, he was negligent, and cannot rely on a purported lack of understanding as to the true character of the documents he signed to prevent plaintiff, who is not charged with any fraud or bad faith, from recovering *(see, Chapman v Rose,* 56 NY 137, 140-142; *see also, Ram Indus. v Van De Maele,* 20 AD2d 783, 785, *appeal dismissed* 14 NY2d 968).

Finally, as part of their preprinted terms, the notes contained an explicit waiver of "all defenses, rights of set-off and rights to interpose counterclaims"; this language is sufficient to extinguish defendant's right to rely on any possible failure of consideration or lack of authority in his then attorney to complete the notes *(see, Bank of Suffolk County v Kite,* 49 NY2d 827, 828; *PGA Mktg. v Windsor Plumbing Supply,* 124 AD2d 576, 577).

Weiss, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.