■ SCP (BERMUDA), INC., as Successor in Interest to SHIMIZU LAND CORPORATION, Appellant, v BERMUDATEL LTD., Formerly

Known as RELATED-CRISMARK LIMITED, et al., Respondents, et al., Defendants. [662 NYS2d 249] —Order, Supreme Court, New York County (Herman Cahn, J.), entered February 7, 1997, which, insofar as appealed, denied plaintiff's motion for summary judgment dismissing the first, second and third counterclaims of defendants BRC Bermuda Associates, L.P., BRC Bermuda Corporation, and The Related Companies, Inc., and granted defendants' request to sever same, unanimously reversed, on the law, with costs, and these counterclaims are dismissed, without prejudice to assertion in a separate action.

The facts of this action based on instruments for the payment of money only (unconditional promissory note and guarantees) are set forth in our prior order in *SCP (Bermuda) v Bermudatel Ltd.* (224 AD2d 214, *lv granted* 89 NY2d 815). In that case, we specifically held that, "Under Section 7.5 of the guarantees the guarantors waived the right to * * * assert counterclaims, set-offs or defenses except that there is no waiver of a defense or counterclaim 'ON ACCOUNT OF THE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF LENDER' as contemplated by Section 5 (d) of the Memorandum. * * * In the instant matter, it is clear that the partnership never obtained institutional financing and therefore, Section 5 (d) of the Memorandum is not applicable" (224 AD2d, *supra,* at 216). Our order was limited to enforcement of the note and guarantees, but it also analyzed the inapplicability of section 5 (d) of the Memorandum of Understanding, which was incorporated by reference in section 7.5 of the guarantees. While we concluded that the waiver provisions in the note and guarantees served to ensure that plaintiff would not be precluded from obtaining an accelerated judgment pursuant to CPLR 3213 on its loan, the parties did not seek to preclude defendants from pursuing a separate action alleging a breach on plaintiff's part in failing to obtain the necessary financing that triggered plaintiff's ability to call in the loan. Since our order did not reach the issue of whether plaintiff may have breached section 6 (a) of the Memorandum of Understanding, and there does not appear to be any waiver provision in the Memorandum that precludes defendants from pursuing claims for breach of this agreement, defendants' counterclaims are dismissed without prejudice to their reassertion in a separate action. Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.