■ BRADLEY MALSIN, Respondent, v JAY STOCKMAN, Appellant. [697 NYS2d 139] —In an action to recover on a promissory note, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from a judgment of the Supreme Court, Nassau County (DeMaro, J.), dated July 2, 1998, which, upon an order granting the motion, is in favor of the plaintiff and against him in the principal sum of $127,407.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding judgment in the principal sum of $127,407 and substituting therefor a provision awarding the principal sum of $119,361; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a recalculation of interest in accordance herewith.

The defendant contends that the Supreme Court erred in granting the plaintiff's motion for summary judgment in lieu of complaint on the promissory note executed in connection with a sales agreement for the defendant's purchase of the plaintiff's shares in a corporation named New York Vision Associates, Inc. The contention is without merit. The defendant waived his right to raise the defenses of fraudulent inducement and lack of consideration either as counterclaims or as a setoff to the enforcement of the note (*see, Bank of Suffolk County v Kite,* 49 NY2d 827, 828; *Keeseville Natl. Bank v Gulati,* 194 AD2d 970, 971; *Perlstein v Kullberg Amato Picacone/ABP,* 158 AD2d 251, 252). While the defendant's claims may serve as the basis of a separate action, they cannot bar summary judgment on the causes of action to recover on the note (*see, Perlstein v Kullberg Amato Picacone/ABP, supra*).

The judgment is amended to reflect the correct principal sum of $119,361. Interest on the judgment should have been computed from the earliest ascertainable date of the existence of the cause of action (*see,* CPLR 5001 [b]). Pursuant to the terms of the promissory note, the plaintiff sent the defendant a notice of default dated September 30, 1997, advising him that he had five days to cure. Accordingly, the cause of action arose in October 1997, when the defendant failed to cure the default.

The defendant's remaining contentions are without merit. Joy, J. P., Friedmann, Goldstein and McGinity, JJ., concur.