Philip Irwin **AARON**, Plaintiff,

v.

Alfred E. **MATTIKOW**, Defendant.

No. 99–CV–2662 (DRH).

United States District Court,
E.D. New York.

June 8, 2001.

Barry R. Carus, P.C., Syosset, NY by Edward Rugino, for plaintiff.

Alfred H. Mattikow, Greenwich, CT, pro se.

## MEMORANDUM AND ORDER

HURLEY, District Judge.

Pending before the Court is the motion of plaintiff Philip Aaron ("plaintiff") for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is denied.

## I. BACKGROUND

Plaintiff commenced this action to enforce and recover upon a promissory note. (Compl. ¶¶ 5–7.) The promissory note, which was executed on June 24, 1996, obligates defendant to repay $66,000 with in-

terest at 7.75% per annum to Philip Irwin Aaron, P.C., plaintiff's predecessor in interest. (Aaron Aff.Supp.Ex. A.) Defendant alleges that the consideration for this promissory note was a prior loan from Philip Irwin Aaron, P.C. to defendant at 24% per annum. (Mattikow Aff. Opp'n ¶ 5.) Defendant further alleges that the $66,000 principal of the current note is comprised of $50,000 of unpaid principal from the prior loan and $16,000 of unpaid interest at the usurious rate on that prior loan. (*Id.* ¶ 5.) Plaintiff alleges that the current note is in satisfaction of defendant's unconditional guarantee of the payment of principal and interest of the prior loan, which, according to plaintiff, was made to Maypat Corporation ("Maypat"). Since the original loan was made to a corporation, contends plaintiff, it was not usurious. (Aaron Aff. Reply ¶ 11.)

Defendant has not made any payments on the promissory note. (Aaron Aff.Supp. ¶ 10.) On March 1, 1999, the promissory note was assigned by Barry Carus P.C., Phillip Irwin Aaron, P.C.'s successor in interest, to plaintiff. (*Id.* ¶ 9, Ex. A.) On March 16, 1999, plaintiff provided defendant with written notice of the latter's alleged default and advised him that, under the terms of the note, the entire unpaid balance of principal and interest would be accelerated unless defendant cured the alleged default within ten days. (*Id.* ¶ 11, Ex. B.) Upon defendant's failure so to do, plaintiff filed the present complaint, on May 11, 1999, wherein he demanded judgment against defendant "in the sum of $80,644.31"—the sum of the principal and the interest that had accrued to that point—"together with accrued interest thereon from May 5, 1999 to the date of payment." (*Id.* ¶ 12, Compl. at 2.) Plaintiff now moves for summary judgment, alleging that no triable issues of fact exist, and that he is entitled, as a matter of

law, to all the relief requested in the Complaint. (Def.'s Mem. at 4.)

## II.  STANDARDS

The legal principles employed by the Court when ruling upon a motion for summary judgment are well established. Summary judgment may be granted only when it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987). The moving party bears the initial burden "of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The substantive law governing the case will determine those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Once the moving party has come forward with support demonstrating that no genuine issue of material fact remains to be tried, the non-moving party "must come forward with affidavits, depositions, or other sworn evidence as permitted by Fed. R.Civ.P. 56, setting forth specific facts showing that there exists a genuine issue of material fact." *Rule v. Brine, Inc.,* 85 F.3d 1002, 1011 (2d Cir .1996). In reviewing these materials, the Court "is required to draw all factual inferences in favor of, and take all factual assertions in the light most favorable to, the party opposing summary judgment." *Id.*

Nevertheless, "the mere existence of some alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505 (emphases omitted). Moreover, "[c]onclusory allegations will not suffice to create a genuine issue. There must be more than a 'scintilla of evidence,'" *Delaware & Hudson Ry. Co. v. Consol. Rail Corp.,* 902 F.2d 174, 178 (2d Cir.1990) (quoting *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505), and "more than 'some metaphysical doubt as to the material facts.'" *Aslanidis v. United States Lines, Inc.,* 7 F.3d 1067, 1072 (2d Cir.1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Put another way, "[t]he non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, ... or defeat the motion through mere speculation or conjecture." *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990) (citations and internal quotations omitted). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1224 (2d Cir.1994).

## III. DISCUSSION

■ Defendant raises three affirmative defenses in his Answer, the last of which reads: "[i]f in fact there was a loan by Plaintiff to Defendant, same is void by reason of usury." (Answer ¶ 6.)

Although defendant admits that he executed the promissory note and that he has not made the required payments, the Court concludes that a question of fact surrounding defendant's usury defense precludes summary judgment.

Both parties agree that the promissory note in question arises out of a prior debt owed to Philip Irwin Aaron, P.C., with an unpaid principal balance of $50,000 and unpaid interest of $16,000. (Aaron Aff. Reply ¶ 5, Ex. F.; Mattikow Aff. Opp'n ¶ 6.) Both parties also agree that the rate of interest on this prior loan was 24% per annum. (Aaron Aff. Reply Ex. F.; Mattikow Aff. Opp'n ¶ 5.) They disagree, however, over whether that prior loan was made to defendant personally or to Maypat with defendant's personal guarantee. (Aaron Aff. Reply ¶ 11; Mattikow Aff. Opp'n ¶ 5.) If the loan was made to Maypat, the loan would not be usurious, since Maypat is a corporation and a corporation may only raise the defense of usury if the interest rate exceeds the criminal usury rate, 25%. N.Y.Gen.Oblig.L. § 5–521 (McKinney 1989). If, on the other hand, the prior loan was made to defendant personally, then such loan would be usurious, since it would have been made to an individual in excess of the statutorily permitted rate of 16%. *Id.* § 5–501. In that case, the usury would taint the current promissory note, thereby rendering it unenforceable. 72 N.Y.Jur.2d *Interest and Usury* 147 (1988) (citing *Nat'l Bank of Auburn v. Lewis,* 1878 WL 14028, 75 N.Y. 516 (1878), *adhered to,* 81 N.Y. 1–5 (1880)).

As proof that the loan was made to Maypat and not defendant personally, plaintiff has submitted an assignment from defendant to Philip Irwin Aaron, P.C., that references the alleged loan between Philip Irwin Aaron, P.C., and Maypat. (Aaron Aff. Reply Ex. F.) Nevertheless, recognizing that the parties may have had an incentive to mask the true nature of their earlier transaction by falsely identifying the obligor as a corporation, the Court finds that defendant's statements in his

affidavit that the loan was made to him personally—not to Maypat—is sufficient to raise a question of fact.

In urging a contrary result, plaintiff places considerable stock in the following waiver of defenses language contained in the promissory note:

Alfred H. Mattikow for himself, his heirs, successors and assigns, hereby acknowledges that the indebtedness due and owing to PHILIP IRWIN AARON, P.C. is without defense, counterclaim, offset or otherwise; and hereby waives any and all rights, defenses, offsets, counterclaims or otherwise which he may have against PHILIP IRWIN AARON, P.C.; and in any action to recover the indebtedness due and owing upon this Promissory Note agrees that in said action not to raise any defenses, counterclaims, offsets or otherwise; provided, however, the rights in said causes of action being specifically preserved for a separate and distinct action.

■ To be sure, such waiver clauses do serve to invalidate certain defenses in an action to enforce a promissory note. *See, e.g., Malsin v. Stockman,* 265 A.D.2d 533, 533, 697 N.Y.S.2d 139, 140 (2d Dep't 1999) (fraudulent inducement and lack of consideration); *Keeseville Nat'l Bank v. Gulati,* 194. A.D.2d 970, 971, 194 A.D.2d 970, 599 N.Y.S.2d 175, 176 (3d Dep't 1993) (failure of consideration and lack of authority); *Perlstein v. Kullberg Amato Picacone & ABP, Inc.,* 158 A.D.2d 251, 252, 550 N.Y.S.2d 883, 883 (1st Dep't 1990) (failure of consideration); *PGA Mktg. Ltd. v. Windsor Plumbing Supply, Inc.,* 124 A.D.2d 576, 577, 507 N.Y.S.2d 721, 721 (2d Dep't 1986) (breach of contract and breach of warranty). And, as noted by plaintiff, "'the defense of usury may be cut off if the original party ratifies the obligation, waives the defense, or is estopped to in-

voke it.'" (Pl.'s Mem.Supp. at 10 (quoting 72 N.Y.Jur.2d *Interest and Usury* § 122).)

■ Plaintiff proffers nothing to indicate that defendant ratified the obligation. But, based on the waiver provision quoted above, plaintiff argues that defendant is both estopped and has waived the defense of usury. However, plaintiff has failed to cite any convincing authority that a waiver clause in a promissory note precludes the assertion of usury as an affirmative defense, and the Court is not aware of any such authority. Moreover, such a conclusion would run counter to the Court's clearly established function when the issue of usury is broached, viz., to move beyond the form of the document and determine the true nature of the underlying transaction. *Kuklis v. Treister,* 83 A.D.2d 545, 441 N.Y.S.2d 465, (1st Dep't 1981) ("When a transaction is truly an illegal, usurious loan, there is obviously a motivation to disguise it to look like a legal non-usurious transaction; and thus the fact that the transaction is in form legal and non-usurious will not prevent courts from examining the transaction to see whether the true nature of the transaction is not what its form indicates.") *See generally* 72 N.Y.Jur.2d *Interest and Usury* § 56 ("Whatever shape or disguise the transaction may assume, if an intent to obtain more than legal interest for the use of money can be discovered, the transaction is usurious.").

■ By way of analogy, given the apparent absence of a case directly on point, consider the applicability of the parol evidence rule to a promissory note that appears complete on its face. That rule typically would prevent a defendant from endeavoring to modify or otherwise contradict the plain meaning of the instrument. *See Bank of Suffolk County v. Kite,* 49 N.Y.2d 827, 828, 404 N.E.2d 1323, 1324, 427 N.Y.S.2d 782, 783 (1980). Yet

the parol evidence rule does not pertain to the defense of usury because, again, the Court's role is to uncover the true nature of the transaction. *Pink v. L. Kaplan Inc.,* 252 A.D. 490, 492, 300 N.Y.S. 45, 48 (2d Dep't 1937). *See generally* 72 N.Y.Jur.2d *Interest and Usury* § 162 ("The rule that parol evidence is not admissible to contradict, vary, or modify the terms of a written instrument is not applicable where there is the slightest suspicion of usurious dealings.").

█ The application of that rationale to the facts at hand indicate that the form of the promissory note, including the presence of the waiver of defense language, is not dispositive. If it were, a lender could readily insulate himself from a claim of usury by simply asserting appropriate language in the note. In sum, a waiver clause in a promissory note does not constitute a waiver, nor does it estop an obligor from asserting usury as a defense as between the original parties to the note.[1]

### CONCLUSION

There is a material issue of fact as to the defense of usury, that being whether the original borrower was a corporation or defendant personally. If it was the latter the usury taints the promissory note being sued upon because included within the amount due is unpaid interest under the earlier lending arrangement between the parties.

This case calls for expedited discovery. The factual issues to be developed during that process are both discrete and limited in scope. Moreover, plaintiff has a promis-

sory note repayable upon demand and which remains unpaid long after such demand was made. If the factual issue created by defendant's affidavit proves to be bogus, plaintiff will have been unduly denied his right to prompt payment. If, on the other hand defendant's rendition ultimately carries the day, he has an interest in having this litigation brought to a close as well. Accordingly, I find good cause to exempt this case from court-annexed arbitration, sua sponte, *see* Local Civil Rule 83.10(e)(2), and respectfully ask the Magistrate Judge assigned to this case to establish tight temporal parameters on discovery with the thought that this case should be ready for trial in the late summer or fall of 2001.

SO ORDERED.

---

**1.** Plaintiff may not be categorized as an innocent purchaser of the usurious instrument. Although the lender identified in the note is Philip Irwin Aaron, P.C., and the current plaintiff is Philip Irwin Aaron as assignee, obviously plaintiff was fully aware of the nature of the transaction whatever it may ulti-

mately prove to be. Such being the case, the defense is fully assertable against him. *Cf.* 72 N.Y.Jur.2d *Interest and Usury* § 153 ("[A]s against a third person who has knowledge of the usury, there is no estoppel and he can recover nothing if the defense of usury is invoked.").