**Phillip Irwin AARON, Plaintiff–Appellee,**

v.

**Alfred MATTIKOW, Defendant–Appellant.**

**Docket No. 02–7971.**

United States Court of Appeals, Second Circuit.

April 22, 2003.

Stephen H. Willis, Jr., Stephen & Charbonneau, Brewster, NY, for Defendant–Appellant.

Edward Rugino, Carus & Manniello, P.C., Syosset, NY, for Plaintiff–Appellee.

Present: JACOBS, STRAUB, Circuit Judges, and CARMAN, Chief Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

---

* The Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

Alfred H. Mattikow appeals from a final judgment entered in the United States District Court for the Eastern District of New York (Boyle, *M.J.*). Following a bench trial, the court found that Mattikow had failed to pay sums due under a promissory note and awarded the plaintiff-appellant $100,557.29. We affirm for substantially the reasons in the court's opinion. *See Aaron v. Mattikow*, 146 F.Supp.2d 263 (E.D.N.Y.2001).

The judgment in this case turned on whether the obligation to pay a 24% rate of interest pursuant to a promissory note, which was discharged in exchange for the promissory note at issue, was usurious. *See* N.Y. General Obligations Law §§ 5–501, 5–521. Resolution of this issue required a factual finding as to whether the original obligation was incurred by Mattikow in his personal capacity (in which case the rate of interest was usurious) or by the Maypat Realty Corp., of which he was the President (in which case it was not). Mattikow's theory of usury was supported primarily by his own testimony, which was contradicted by documentary evidence. The court's decision to disregard that testimony was not clearly erroneous. *See Thyssen. Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 104 (2d Cir.2002) (*per curiam*).

For the foregoing reasons, we affirm the judgment.