■ GERMAN AMERICAN CAPITAL CORPORATION, Respondent, v OXLEY DEVELOPMENT COMPANY, LLC, et al., Appellants. [958 NYS2d 49]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 16, 2011, which granted plaintiff lender's motion for summary judgment in lieu of complaint and directed the clerk to enter judgment in favor of plaintiff as against defendants borrower and guarantors, jointly and severally, in the amount of $37,000,000 plus interest at 11% from July 1, 2009 through July 31, 2009, and thereafter at a rate of 16%, plus an exit fee of $185,000, unanimously affirmed, with costs.

Plaintiff established its entitlement to judgment as a matter of law in this action to recover on a promissory note executed by borrower Oxley Development Company, Inc. (Oxley) (*see* CPLR 3213). Plaintiff submitted evidence, including the note, the loan agreement and guaranty, and an affidavit of plaintiff's principal who attested to Oxley's failure to make payment on the loan at its maturity date (*see Boland v Indah Kiat Fin. [IV] Mauritius*, 291 AD2d 342 [1st Dept 2002]; *see also SCP [Bermuda] v Bermudatel Ltd.*, 242 AD2d 429 [1st Dept 1997]; *Apple Bank for Sav. v Mehta*, 202 AD2d 339 [1st Dept 1994]).

Defendants' argument that Oxley's performance under the note and loan agreement was frustrated by plaintiff's failure to make timely reimbursement of certain marketing expenses it submitted in accordance with the loan agreement's reimbursement provisions raises a defense that lies outside the making of the note and the obligations thereunder (*see Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137 [1st Dept 1968] ["(w)hile defenses advanced might raise issues outside the note, that does not change its character as one for the payment of money only"], *affd* 29 NY2d 617 [1971]). Such a defense, which

rests upon an apparent claim of breach of a loan agreement provision regulating the availability of certain loan proceeds for marketing purposes, is separate from Oxley's unequivocal and unconditional obligation to repay the monies it was loaned. To the extent that the breach of contract defense may amount to a viable claim, it may be asserted in a separate action (*see SCP [Bermuda]*, 242 AD2d at 430; *Malsin v Stockman*, 265 AD2d 533 [2d Dept 1999]). Concur—Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ.